329 So.2d 567

**Mary Jean Wallis ESKEW**

v.

**Gordon LeRoy ESKEW.**

**Civ. 648.**

Court of Civil Appeals of Alabama.

March 3, 1976.

Rehearing Denied March 24, 1976.

Sirote, Permutt, Friend & Friedman and James A. Harris, Jr., Birmingham, for appellant.

McCollough, McCollough & Landrum, Birmingham, for appellee.

HOLMES, Judge.

This is a divorce case. The issue is whether the trial court erred in awarding custody of a minor child to the paternal grandparents. The mother of the child is the appellant.

From a close examination of the record we are able to discern the following: The husband and wife were married in 1970 and separated in January 1974. The wife filed her divorce complaint in January of 1974. She sought a divorce and custody of the parties' then two and one-half year old minor son. A temporary injunction was granted by the trial court whereby the wife obtained custody of the child. In May of 1974, a final decree of divorce was entered and the wife received custody of the child.

In July, upon motion of the husband, the May divorce decree was set aside. In January of 1975, the paternal grandparents intervened in the proceedings requesting custody of the child. After a hearing *ore tenus,* the trial court in April of 1975 divorced the parties on the ground of incompatibility and awarded custody to the paternal grandparents.

As noted above, the wife appeals from that decree. Appellant-mother specifically contends that the final judgment of divorce makes no explicit finding that she is an unfit parent and, therefore, she is entitled to custody.

The tendencies of the evidence show the mother has worked continuously since the child was six months old. The mother and child, since January of 1974 when the separation occurred, have resided with the child's maternal grandmother. While the mother was at her job the child was placed in a day care center.

The testimony is that the husband and wife constantly argued. In April of 1974 while the parties were separated, the fa-

ther took the child from the mother and went to Mississippi. The child was returned in August of 1974 after court proceedings in Mississippi.

The evidence is without conflict that the mother loves her child and tends to his material needs. There is evidence, if believed, that prior to the parties' separation and after their separation the wife had a sexual relationship with a man other than her husband. There was further evidence that the mother dated several men during the time the parties were separated and/or divorced; that is to say, from January of 1974 through July of 1974. There is no testimony that the wife's activities were in any way detrimental to the child. In fact, the tenor of all the testimony is that the child was always well cared for at all times by the mother.

The record further reveals that the intervenors-paternal grandparents love and desire custody of their grandchild; that both grandparents are in their sixties; and that the grandfather will soon retire from the railroad. They are well able to meet the financial needs of the child. Furthermore, the child is no stranger to the grandparents, having spent considerable time with them, particularly his grandfather.

Having considered all of the above, the learned and distinguished trial judge, in pertinent part of his decree found as follows:

"In the instant case, the Court imputes no blame against the Plaintiff-mother and is concerned first and foremost with the question of the best interests and welfare of the child of these parents as the Law requires.

"The Plaintiff-mother is a business woman. Her duties take much of her time. This means that most of her waking hours the minor child must be looked after by others.

"According to the pleadings and evidence of intervention, the father fore-

goes claim or right of custody, care and control. Therefore the Court is not unimpressed with the fortunate circumstances of the willingness of the paternal grandparents as intervenors to nurture, support and educate the child of the parties—their grandson. The Court counts this good fortune for that the grandparents are a solid and well established family; that the paternal grandfather is financially in position to fulfill the needs and afford all things necessary for the best interests and welfare of the child of the parties.

"Therefore, the petition to intervene of the paternal grandparents, Curtis O. Eskew and Anneleu Eskew, is hereby granted and the care, custody and control of the minor child of the parties, Gordon Leroy Eskew, is awarded to the paternal grandparents, Mr. and Mrs. Curtis ·O. Eskew with the right of all reasonable visitation to the Plaintiff-mother, Mary Jean Wallis Eskew. . . ."

The dilemma presented by this case is perhaps best stated by this court through our Presiding Judge Wright in *White v. Appleton*, 53 Ala.App. 702, 705, 304 So.2d 206, 208, 209, as follows:

"The real issue presented by the appeal is whether a mother should be denied custody of her small child when she has not been shown to be unfit.

*"It appears there can be no specific answer to the question. Every case must be determined by its own facts with the primary goal being the best interest and welfare of the child. Harris v. Harris, 251 Ala. 687, 39 So.2d 232.* There is little problem in recognizing a parent's paramount right to the custody of minor children when such parent is not shown to be unfit and has fulfilled parental obligations of providing and caring for a child during its life. It is when a parent, though not shown presently to be morally, physically or financially unfit,

has failed totally or in some material manner to fulfill the responsibilities of a parent according to reasonable standards that the conflict between so-called parental rights and the best interest of the child arises. Such was the matter for resolution in the case of *Borsdorf v. Mills,* 49 Ala.App. 658, 275 So.2d 338. The principle of the best interest of the child was determined to outweigh parental rights in that case. . . ." (Emphasis ours)

In *White, supra,* custody of the minor child was awarded to the grandparents.

■ Additionally, in *Esco v. Esco,* 51 Ala.App. 656, 288 So.2d 444, this court in affirming the trial court's decree awarding custody of a minor child to its paternal grandmother found that Tit. 34, § 35, Code of Ala. 1940, does not require an award of custody to either the father or mother of the child to the exclusion of others. We further held in *Esco, supra,* that the paramount consideration is the welfare of the child.

■ There is no doubt that the primary goal in cases of this nature is the best interest and welfare of the child.

■ Another established principle of law that is appropriate to consider in this instance is:

"Ordinarily where a child is of such tender age as to require the care and attention that the mother is specially fitted to bestow, the mother rather than the father is the proper custodian unless for some reason she is unfit for the trust. . . ." (*Burleson v. Burleson,* 269 Ala. 637, 640, 114 So.2d 887, 889)

See also *Lansdell v. Snoddy,* 269 Ala. 344, 113 So.2d 151.

■ Additionally, this court and the Supreme Court of Alabama have held that an adjudication of the wife's adultery in a divorce suit, which was not the case in this instance, is not, in and of itself, an absolute bar to her having custody of the parties' minor child. See *Mason v. Mason,* 276 Ala. 265, 160 So.2d 881; *Dale v. Dale,* 54 Ala.App. 505, 310 So.2d 225.

■ We would further note that this court in *Gould v. Gould,* 55 Ala.App. 379, 316 So.2d 210, cert. denied, 294 Ala. 757, 316 So.2d 214, stated that the moral unfitness of a mother sufficient to deprive her of custody must be such as to have a direct bearing upon the welfare of the child. A parent will not be denied custody for every act of indiscretion or immorality.

■ We have carefully reviewed the record, keeping in mind the trial court's specific finding as noted above, to wit: ". . . . the Court imputes no blame against the Plaintiff-mother . . ." While the tendencies of the evidence, without question, show the third party grandparents to be loving and able to care for the child and desirous of so caring, we do not find evidence sufficient to justify denying custody to the mother of this child of tender years and awarding the child to the third party paternal grandparents. Specifically, there is no testimony regarding the mother's behavior indicating that such behavior had any detrimental bearing upon the welfare of the child. All the evidence leads to the conclusion that the mother loves her child and cares for its needs. We further find the fact that the mother must be employed outside the home does not justify depriving her of custody.

■ In reversing this case, we should not be understood as condoning certain actions, if they be true, of the mother. Specifically, we would point out to those interested that the question of rightful custody of the child is never *res judicata* and those who have custody must govern themselves in such a manner as to justify that custody.

The case is due to be reversed and remanded for the entry of a decree not inconsistent with this opinion.

REVERSED AND REMANDED WITH INSTRUCTIONS.

WRIGHT, P. J., and BRADLEY, J., concur.