WRIGHT, Presiding Judge.
This is a divorce case. Defendant husband appeals. The issues are stated to be: (1) The trial court abused its discretion in the award of alimony and child support; (2) the court abused its discretion in the award of attorney fees to the wife. This court finds the issues are not well taken and the judgment of the trial court is affirmed.
The award of alimony, child support and attorney fees to the wife in a divorce action is a matter within the discretion of the trial judge, and will not be reversed on appeal except for palpable abuse. Pruett v. Pruett, 333 So.2d 580 (Ala.Civ.App.1976). Our review of the evidence in this case indicates no abuse of discretion.
There is no unusual issue of prece-dential value in this case. We therefore present only a limited resume of the evidence. The defendant left the connubial home while the wife and two children were visiting out of town. He began living with another woman and openly continued to do so at the time of hearing. There were two small girls born of the marriage. Defendant is a Federal Civil Service employee. His net earnings are $996.73 per month. The wife had not been employed for several years, but had gained temporary employment since her abandonment by the husband. She had inherited stock of a value of several thousand dollars and had converted inherited real estate into cash. The cash had been placed on savings in her name, her husband’s name and in the names of the children.
The court gave to the wife title to the home (with its indebtedness), most of its furnishings, a Blazer automobile, the inherited stock and the remainder of the inherited cash. The husband retained a 1977 pickup truck, other vehicles and a camper. Alimony was granted in the amount of $50 per month and child support in the amount of $300 per month. In December 1980 alimony was to increase to $125 per month and child support to $400 per month. Attorney fee in the amount of $800 was awarded to the wife. The husband was required to continue payment on accrued family debts.
It is evident that the defendant must live carefully and frugally in order to meet his obligations, and pay the support and alimony directed. However, the evidence indicates that he can do it from his income. He may need to dispose of some of his personal property, such as the 1977 pickup truck, and thus reduce his indebtedness. However, he chose to travel the road he is now on. The alimony and support he is directed to pay is only about one-third of his net income. It is not more than is needed by his wife and children and is not more than he is able to pay. We affirm the judgment below.
A $300 attorney fee is given the wife on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.