WRIGHT, Presiding Judge.
This is a divorce case. Defendant and cross-claimant husband appeals pro se.
This action began by the wife filing a complaint for divorce, custody, support and alimony and division of property on May 21, 1976. It has continued with unabated fury since that date. There have been motions, counter-motions, petitions for habeas corpus and rules nisi, contempt citations, other pleadings and orders in the trial court totaling some 150 pages in the record. There have been at least four oral hearings with testimony before two judges. Both parties have been held in contempt of court at least once. There has been a prior petition for writ of mandamus filed and argued in this court and denied. It was only after much misuse of the process and time of the trial court that a judgment was entered on November 5, 1976, granting a divorce for incompatibility. That judgment contained a temporary grant of custody and support of the minor child to the mother. Other matters relating to division of property were reserved for future disposition. That judgment also contained a prohibition against the mother associating with her alleged lover. Such prohibition had been a part of prior temporary orders of custody and had precipitated charges by the husband of violations with hearings as to contempt of court. Its inclusion in the judgment of November 5 caused a continuation of charges, counter-charges and hearings thereafter.
On January 10, 1977, the judge who had previously had the case, heard the oral testimony and entered the prior judgments and orders retired from the bench. Immediately thereafter the parties began to file petitions for rule nisi to be heard before the succeeding judge. These petitions were set for hearing on February 24, 1977:
At the hearing before the court on February 24, 1977, after discussion between the judge and counsel for both parties, in the *20 presence of the parties, concerning the pending pleadings, the judge stated into the record that by agreement of counsel he was going to talk with the 8-year-old minor child of the parties in camera. Upon return to open court, the judge observed that he understood there had been a disturbance between the parties while he was away. In paraphrase, he said that the hearing apparently was to be a continuation in court of the bickering, allegations and counter-allegations which had previously gone on out of court; that the court was being used to get on record such accusations and counter-accusations. The judge then gave counsel five minutes to consult with their clients. Thereafter, each counsel on behalf of his client admitted to failure to comply with prior orders of the court. Each was found in contempt and assessed punishment.
At this time the judge stated to counsel that he had already listened to extensive testimony and intended to listen to it all. After doing so, he would issue a final order in the case which would supersede any prior orders. The court made this statement in response to a complaint by the wife’s attorney of the uneonstitutionality of the order of the prior judge of November 5, 1976, restraining the wife from associating with or being in the company of her alleged lover.
It is alleged by counsel for the wife in brief that it was orally agreed in court by both counsel at that time that a final order relating to the matters not finally decreed in the judgment of November 5,1976 might be entered by the judge after listening to the testimony then on tape taken at prior hearings before the preceding judge. The record does not disclose such agreement. However, as can be seen, the judge stated his intention and neither defendant nor counsel entered objection. Counsel for plaintiff had previously moved for entry of a final decree on January 28, 1977.
Thereafter, on March 25, 1977, defendant through counsel moved that a final order of custody be entered amending the temporary order of November 5, 1976 and granting custody of the child to the paternal grandmother. That motion was answered by plaintiff on April 19. On June 14, 1977, the court entered a final judgment as to custody, support and division of marital property, both real and personal.
Defendant pro se first contends that the judgment of June 14, 1977 was rendered as a result of a post trial motion under Rule 59.1 of the Alabama Rules of Civil Procedure and more than ninety days expired between motion and judgment. We find no basis for defendant’s contention. There was no post-trial motion made by either party within the meaning of Rule 59.1. The Rule applies only to post-trial motions filed under Rules 50, 52 and 59. Cockrell v. World’s Finest Chocolate Co., Inc., 349 So.2d 1117 (Ala.1977).
Defendant next contends that the judgment of June 14, 1977 reversed the judgment of November 5, 1976. The contention is without foundation. The matters made final by the judgment of November 5 were not altered by the judgment of June 14, 1977. The latter judgment merely made final matters entered interlocutorily or deferred by the former.
Issue IV presented by defendant has no legal foundation and will not be discussed.
Issues V and VI complain that the June 14 judgment was entered contrary to Rules 59(g) and 78. We say again that Rule 59(g) applies only to post-trial motions. The only motions pending at the time of the rendering of the June 14 judgment were motions by both parties requesting entry of final judgment as to custody of the child. The judge had previously interviewed the child in camera by agreement of the parties and had announced in open court that he was listening to the taped testimony previously heard orally by the preceding judge. He told the parties and counsel that when he completed that task, he would then consider what he had heard on tape and the oral testimony he had heard in court and render final judgment. There was no objection by defendant or counsel to that procedure.
*21 Whether that procedure was proper if due objection had been made need not be considered. By failing, to enter objection at the time, either personally or by competent counsel, any error was waived. Rule 46, ARCP. We are not cited nor do we know of any absolute prohibition, not subject to being waived, against the action of the judge in this case. It was accepted in principle by our Supreme Court in the case of Hodge v. Joy, 207 Ala. 198, 92 So. 171 (1921). The only legal effect indicated in that case is that the decision of the trial court on the facts is not accorded the usual presumption of correctness upon appeal. We will follow that precedent and will review the evidence without any presumption in favor of the findings of fact by the trial judge.
The remaining issue presented by defendant is that the judgment of June 14 is contrary to the evidence. We do not agree.
As to custody of the child, we find no clear and convincing testimony that an award of custody to the mother of the minor daughter is detrimental to the best interest of the child. There was testimony of the defendant that the mother was a drug addict, alcoholic and adulteress. There was some support of these charges in the testimony of other of defendant’s witnesses and by circumstances. We are not convinced of the truth of most of such testimony. It was without dispute that the mother worked every day as a beautician. The testimony that she took drugs and drank four or five beers every morning before she went to work is rather difficult to believe. The charge of improper conduct with another man is somewhat supported by circumstances of association. The record discloses that the mother is now married to that man. This court does not approve of the conduct charged, if true. However, the courts have held that even commission of adultery by the mother does not prohibit a grant of custody when viewed with attendant circumstances and in light of the best interest and welfare of the child. Eskew v. Eskew, 57 Ala.App. 512, 329 So.2d 567 (1976).
The evidence and the record of these proceedings clearly indicate the father is imbued with a spirit of vindictiveness toward the mother, with little consideration of the welfare of the child. He has through promises and gifts alienated the wife’s child by a prior marriage. By his own admission, he has told the eight-year-old girl things about her mother, even if true, she should not have heard. The father has never requested custody for himself, but that custody be granted his 75-year-old mother. Further iteration of the evidence is unnecessary. We find no error in the grant of custody to the mother.
Custody being properly in the mother, it cannot be error to grant support of $125 per month for the child. Neither can it be error for the wife to be given $1,500 and the few items of personal property as a division of property. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.