BRADLEY, Judge.
The parties to this proceeding were divorced by the Circuit Court of Coffee County on April 18, 1978 for incompatibility of temperament. The plaintiff-husband appeals.
Plaintiff had sought a divorce on the ground of adultery and had asked the court to award him the custody of the two minor children of the marriage, Andrew James, eleven, and Stephen James, Jr., eight. The defendant-wife answered by denying the allegations of the complaint and requesting a divorce for incompatibility, custody of the two children and child support, plus alimony, certain property, and attorney’s fee.
After hearings ore tenus, the trial court divorced the parties on the ground of incompatibility of temperament and specifically found that adultery had not been proven. Custody of the two minor children was awarded to the mother with reasonable visitation to the father.
*486 The trial court stated that it was not awarding defendant alimony but that it was giving her $275 per month, presumably for child support, although the decree does not specifically so provide. There was a property settlement of $5,000.
A rehearing was requested by plaintiff and it was denied; however, the trial court did modify the decree so as to change the father’s visitation schedule.
On appeal plaintiff says the trial court erred in concluding that the charge of adultery was not supported by the evidence, and, had it not so found, the fact of adultery would have required the award of custody to the father. Further, plaintiff argues that the award of custody to the mother is plainly and palpably erroneous and contrary to the evidence.
The record reveals that the parties had been married for approximately thirteen years at the time of the divorce. The wife separated from the husband and established a separate residence on November 27, 1977. Testimony reveals that the wife was “seeing” another man and that she had previously known him. The record is unclear as to exactly when the wife and third party began seeing each other.
The testimony reveals that the third party separated from his wife about one month before the wife in this case separated from her husband.
After the parties separated, the third party allowed the wife the use of his van and also bought her a dishwasher. There is evidence that the third party received his mail at the wife’s old address. The wife did the third party’s laundry and kept it for him until he picked it up. He also left some personal clothing and toilet articles at the wife’s new residence. Defendant lives now with the Dewey Lees, and has since February 12,1978. Both the wife and third party admitted that they had embraced; however, both denied ever having had sexual relations with one another. Both testified to future marriage plans.
Andy, the twelve year old son, testified that the third party had moved in with his mother and that he had seen his mother “in bed” with this man once or twice. He also testified that he had seen his mother in bed with another man several times before, but that he had not seen that man recently. The son expressed a desire to live with his father. On cross-examination, however, the son admitted that he had previously told the mother’s lawyer that he had not seen his mother and the third party together and that he wanted to live with his mother. The son claims that he has different stories because he did not want to hurt his mother. It appears from the evidence that the son is concerned that if he is required to live with his mother he will not be allowed to visit his father, whereas if his custody is placed with the father, visitation with the mother will be allowed. The mother specifically denied all of the son’s testimony.
Most of the witnesses testified that the mother and the father were fit parents. One witness said the father was unfit to have custody because he left the youngest son at home by himself on one occasion, and he screamed at the children when he was around them. Another witness said she thought that the mother acted indifferent to the children’s needs and desires. The father is employed at Fort Rucker by the U.S. Army as an instructor pilot. His base pay is a little over $1,000 per month. The wife was employed as an apartment manager prior to the separation. She thereafter worked for Gunter-Dunn, a furniture store. She received minimum wage. She left that employment about March 16, 1978.
Testimony for both sides indicated that both parents had a good relationship with their children. Some testimony revealed that the children had undergone some emotional stress during the fall of the separation. However, the record reveals that their overall condition appears to have improved since that time.
To begin, we say that there is a strong presumption in favor of the correctness of a divorce decree in instances where testimony is heard ore tenus. There will be a reversal only after an examination of the record reveals that the decree is unsup *487 ported by or contrary to the evidence or where the decree is plainly and palpably erroneous. Roberts v. Roberts, Ala.Civ.App., 354 So.2d 21 (1978). See 8 Ala.Dig. Divorce 184. A careful review of the record evidence convinces us that the trial court’s conclusion that the charge of adultery was not supported by the evidence is borne out by the testimony in this case. The defendant and her male friend both denied sexual relations. No one had seen them in bed together except the oldest son, who on cross-examination admitted that he had previously told his mother’s lawyer that he had not seen his mother in bed with her male friend. Further, the evidence showed that the boy had been in his father’s custody for ten days just prior to the hearing and that the boy had expressed a desire to live with his father. Obviously the evidence was in conflict on this score, and in such situations it is for the trier of fact to resolve that conflict. Brooke v. Brooke, 57 Ala.App. 704, 331 So.2d 715 (1976). We would point out, however, that had there been a finding by the trial court that the wife was guilty of adultery, award of custody of the children to the father would not have been mandated thereby. Eskew v. Eskew, 57 Ala.App. 512, 329 So.2d 567 (1976). Adultery is only a factor to be considered by the trial court along with all the other factors that help the court to decide what would be in the best interests of the child so far as its custody is concerned. Mason v. Mason, 276 Ala. 265, 160 So.2d 881 (1964).
Accordingly, plaintiff’s contention that the trial court erred in finding that the evidence did not prove defendant guilty of adultery is without merit.
Plaintiff’s next contention is that the trial court’s decree awarding custody of these two young boys to their mother is plainly and palpably erroneous and unsupported by the evidence.
As stated previously, a decree based on testimony heard ore tenus is presumed correct and will not be reversed unless shown to be contrary to and unsupported by the evidence or plainly and palpably erroneous. Roberts v. Roberts, supra; Tyler v. Tyler, 52 Ala.App. 430, 293 So.2d 856 (1974).
After carefully reviewing the evidence contained in the record before us, we cannot say the trial court’s award of these children’s custody to their mother is plainly and palpably erroneous nor that it is contrary to or unsupported by the evidence.
Defendant-wife’s request for an attorney’s fee is granted and we hereby award $350 to her for that purpose.
ATTORNEY’S FEE AWARDED.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.