This is a divorce case.
The wife filed a complaint for divorce alleging incompatibility of temperament and mental cruelty on the part of the husband. She also asked for an order pendente lite granting her, among other things, full custody of the three children born of the marriage: Robert, age eleven; Tammy, age seven; and Kathryn, age five. A temporary order issued granting the wife custody, after which a decree pendente lite was ordered. The decree incorporated an agreement between the parties concerning such matters as custody, visitation, support, and expenses among which was an agreement that the husband would pay $200 for the wife's attorney's fee for representation in the pendente lite hearing.
The husband filed a motion to dismiss which was denied. He then filed an answer which contained a counterclaim against the wife. He alleged adultery on the part of the wife, incompatibility of temperament, and irretrievable breakdown of the marital relationship.
A hearing ore tenus was conducted, after which the trial court issued a judgment of divorce. The original judgment was withdrawn and a new one entered after the husband filed a post-trial motion to alter, vacate, or amend the original judgment, or in the alternative, a motion for new trial. After the second judgment was entered, the husband filed an amendment to his post-trial motion. The motion was denied and the husband appealed.
There are three questions presented for review: (1) whether the trial court erred in failing to assign grounds for divorce; (2) whether the court erred in granting custody to the wife; and (3) whether there was an abuse of discretion in the award of attorney's fee for the wife.
The following pertinent facts are revealed by the oral testimony:
The husband and wife were married thirteen years. Both the husband and wife were unemployed at the time of the hearing. The husband had been laid off from Seaboard Coast Line Railroad where he worked as a brakeman. He was on the emergency board which meant he could be called in to work at anytime. The wife does not have a high school education and has only been employed as a check-out clerk for convenience stores. The husband's job required that he work irregular hours. Sometimes he was gone for days at a time.
At the time of the hearing, the husband lived in a trailer with his mother, sister and sister's son.
Testimony of the husband revealed the couple argued about the wife's housekeeping. He complained dishes were not *Page 1324 
washed, clothes were left dirty, the beds went unmade, and the floors were unswept. Other testimony indicated the wife was a good housekeeper.
According to the wife, the couple first separated around the first of June 1978. The wife testified her husband's family refused to help her when she left. She went to stay with her paramour. It is uncertain as to exactly how long the wife stayed with him. The husband said she was gone two or three days; while the paramour said she stayed with him several weeks. The wife testified she went back to her husband but that he refused to allow her to stay. Sometime during the separation, the wife's paramour took the children to Boston where her family lived. The husband did not know of their whereabouts. He eventually located them and brought the children back to Alabama.
The wife admitted to having sexual relations with her paramour twice, once before and once after the separation. The paramour testified he knows he and the wife had sexual relations more than three times, but does not know how many times. His testimony further revealed he and the wife had sexual relations while the children were at his residence. He testified they were in a back bedroom but he did not know whether they were asleep. The paramour said the wife actually slept in a bedroom with her daughters and that he slept on the couch.
Testimony on the part of the mother indicated she cared for the children in their everyday needs and that she loved them.
The wife testified that she had thought about reconciliation but that her husband refused to discuss the matter.
At the close of oral testimony the trial judge conducted a discussion with the children in his office in the presence of a court reporter. However, it appears there was no transcript made, as designation of the record on appeal indicates designation of the "entire" record less items set forth in Rule 10 (a), ARAP, and no transcript of the children's testimony appeared in the record.
We find no reversible error in the failure of the trial court to state the grounds for divorce in the decree. See Roberts v.Roberts, Ala.Civ.App., 357 So.2d 150 (1977). There is no requirement that the grounds for a divorce be set out in the decree, although we consider it to be a better practice to include such especially where more than one ground is alleged.Russell v. Russell, 45 Ala. App. 255, 229 So.2d 30 (1969). This court has said, "if the evidence is legally sufficient to support the decree . . . as to any ground alleged in the Bill of Complaint, the decree must be affirmed." Russell, supra.
We find the evidence sufficient to support a decree of divorce on the grounds of incompatibility or adultery.
Appellant's next issue concerns the award of child custody to the wife.
The husband contends that the award of custody to the wife is manifestly unjust and palpably erroneous in light of undisputed evidence which shows the wife guilty of adultery. We must begin by saying there is a strong presumption favoring the trial court's findings in child custody matters. Keele v. Keele, Ala.Civ.App., 347 So.2d 1360 (1977).
Although there is corroborated evidence of adultery on the part of the wife in this case, we point out that adultery is only one of many factors which the court looks at to determine what would be in the best interests of the child so far as its custody is concerned. Weissenberger v. Weissenberger, Ala.Civ.App., 367 So.2d 485 (1979). There is no evidence in this case that any acts of adultery committed by the wife directly affected the children's welfare so as to deprive her of custody. Eskew v. Eskew, 57 Ala. App. 512, 329 So.2d 567
(1976). Furthermore, the custody award is bolstered by the fact the trial court heard and reviewed testimony which was not part of the record on appeal, i.e. the children's testimony. Where this evidence may have *Page 1325 
influenced the court's decision, such unrecorded evidence is conclusively presumed to support the trial court. See: Skipperv. Skipper, Ala.Civ.App., 342 So.2d 795 (1977).
In regard to the attorney's fee award for the wife, the husband contends the award is void in light of the recent United States Supreme Court case of Orr v. Orr, 440 U.S. ___,99 S.Ct. 1102, 59 L.Ed.2d 306 (1979), because attorney fees are predicated upon alimony. He also argues the wife is not entitled to attorney's fee because of her sexual misconduct.
We discuss the husband's contention that the attorney's fee award is void based upon Orr in light of our recent decision ofOrr v. Orr, Civ. 1006 (Ala.Civ.App., May 30, 1979), which provided benefits of the alimony statutes equally to both men and women, thereby removing equal protection infirmities and rendering the Alabama alimony statutes constitutional.
It has long been recognized than an award of attorney's fee is a matter left largely to the discretion of the trial court and will not be reversed except for palpable abuse of discretion. Davis v. Davis, Ala.Civ.App., 360 So.2d 724, cert.den. Ala., 360 So.2d 725 (1978). After considering the financial situations of both parties, we find the trial court's decision just.
Finding no palpable error nor abuse of discretion, we affirm the trial court's decree of divorce awarding custody of the three minor children and attorney's fee to the wife.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.