This is a divorce case.
The husband appeals, contending that the trial court abused its discretion in the award of child support, alimony, and in its division of property. We find no such abuse and affirm.
The parties to this proceeding are in their forties and were married for about thirteen years. They have one child who is eleven years old.
The husband is employed by the State of Alabama as assistant director of the Medical Services Administration and earns approximately $16,000 a year. He has been employed by the State of Alabama for seven years. He was graduated from Auburn University with a bachelor of science degree and has earned fifteen hours towards a master's degree.
The wife was graduated from high school and attended Huntingdon College, but did not graduate. She also attended business school for a short while. The wife's testimony indicated that she had been employed during her marriage to appellant, but that it was mostly part-time work. The wife's income tax returns for the years 1972-1977 were accepted into evidence. She earned between $2,400 and $7,500 during these years. The wife also testified that since her separation from her husband she has tried to secure employment, but has been unable to do so. There was also testimony by the wife that she had recently had medical problems which required hospitalization and that she was under a doctor's care.
In August of 1976 the parties purchased a home for $48,000.00 which now has a current market value between $58,000.00 and $59,000.00. They made a down payment of $1,995.00 and the monthly payments are $393.00. At the time of the purchase of the house, both the husband and wife were employed.
The husband filed a financial statement with the trial court showing approximately $5,000 in debts. The evidence is disputed as to the origin of the debts. The husband testified that these were debts of the marriage. However, the wife maintains that many of the debts were incurred by the husband after separation of the parties, and are thus not marriage debts.
After hearing all of the evidence the trial court decreed as follows: (1) the husband is ordered to pay $200.00 a month in child support and to maintain health and life insurance for the parties' minor child; (2) the husband is required to pay the wife $200.00 a month in alimony; (3) the residence of the parties is awarded to the wife; (4) the husband is ordered to satisfy the debts of the parties outstanding at the time the divorce petition was filed; and (5) the husband is ordered to pay $1,000.00 toward the wife's attorney fees.
The award of alimony, child support and attorney fees to the wife in a divorce action is a matter within the discretion *Page 1103 
of the trial judge, and will not be reversed on appeal except for palpable abuse. Davis v. Davis, Ala.Civ.App., 360 So.2d 724
(1978). We have reviewed the evidence in this case and find no abuse of discretion.
The only remaining issues on this appeal concern the parties' residence and the marriage debts.
The wife was given the residence. The house had been purchased in 1976 and there was only about $2,600 equity in the house, although the value of the house had appreciated. Although it is not clear from the evidence, the wife will, in all likelihood, have to make the mortgage payments of $393 per month in order to protect her equity.
A division of property in a divorce decree need not be equal, but must be equitable according to the circumstances. Beale v.Beale, Ala.Civ.App., 371 So.2d 931 (1979). We find no inequities in this instance.
Nor do we find any inequity in the requirement that the husband satisfy the marriage debts. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979); Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975). The evidence showed that the bulk of the debts had been incurred by the husband during the marriage and the remainder by him after the parties had separated. During the marriage the wife worked part time but earned very little as compared to the income of the husband. Furthermore, the wife is unemployed and depends heavily on the support she receives from her former husband. We find no abuse of discretion here.
The request for an award of attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.