This is a divorce case.
The parties to this appeal were divorced by the trial court for incompatibility of temperament. The decree divided the property of the parties, gave custody of the parties' only child to the mother, awarded child support to her, and gave her $150 per month as periodic alimony. From this decree the husband appeals. We affirm.
Harvey and Hildegard Monk were married on September 24, 1968. He was twenty-five years old and she was thirty-two years old. One child was born to this marriage, Stephen Howard Monk, who is ten and a half years old.
The issues on appeal are whether the trial court committed reversible error in its division of the parties' property; in its award of $150.00 a month periodic alimony to the wife; and in its award of custody of the minor son to the wife.
The husband's first contention is that the trial court's division of the parties' property is so grossly inequitable as to be an abuse of its discretion. Of course it is axiomatic that if a trial court abuses its discretion in the award of alimony, its decree cannot stand. Goodman v. Goodman, Ala.Civ.App., 366 So.2d 281 (1979). However, it should be remembered that a property division between parties to a divorce action does not have to be equal, only equitable. And, what is equitable will have to be determined on the basis of the nature of each case. Caylor v. Caylor, Ala.Civ.App.,344 So.2d 173 (1977).
In the instant case, Mrs. Monk was awarded the homeplace which was valued at $56,000; however, she was required to assume the $18,000 mortgage. She also received a 1977 Buick automobile, a microwave oven, and the household furnishings. We note here that Mrs. Monk entered this marriage as the owner of a house which was later sold, and an automobile. The house was sold and the husband testified the parties realized a net equity of $4,400 which they applied to the purchase of another house. However, their 1977 federal income tax return showed a capital gain of $10,012.09.
Mr. Monk was awarded some cemetery lots, a lot on Lake Eufaula, Alabama, a 1975 Ford automobile, a peanut combine and inverter, stocks and mutual funds worth about $1,000, miscellaneous personal property, and two lots in Florida on which was owed about $2,500. He was ordered to satisfy the indebtedness on these two lots. He was also ordered to assume other outstanding loans of about $16,950.
Based on the above evidence, we do not consider that the division of property between the parties to this action is so inequitable as to be an abuse of the trial court's discretion. This conclusion is supported by the fact that the most significant asset of the parties, the homeplace, was awarded to the wife, who was also given custody of the parties' minor child and responsibility for the mortgage. See Cobb v. Cobb, Ala.Civ.App., 352 So.2d 1384 (1977); Eubanks v. Eubanks,52 Ala. App. 224, 291 So.2d 159 (1974).
The husband's next contention is that the trial court abused its discretion in awarding the appellee $150 a month periodic alimony.
Alimony is a matter within the sound discretion of the trial court and will not be reversed except for palpable abuse.Stewart v. Stewart, Ala.Civ.App., 341 So.2d 490 (1977).
The criteria which the trial court considers in a determination of alimony are as follows: (1) the earning ability of the parties; (2) their future prospects; (3) their age, health and station in life; (4) the duration of the marriage; and (5) the conduct of the parties as relates to the cause of divorce. Davis v. Davis, 274 Ala. 277, 147 So.2d 828
(1962).
In the instant case, Mrs. Monk was forty-three and Mr. Monk was thirty-seven *Page 755 
at the time of the divorce. The marriage lasted eleven years.
At the time she met Mr. Monk, Mrs. Monk was working as a sales clerk and assistant branch manager at the Post Exchange, Fort Rucker, Alabama. She is still working there and earns a net pay of $462.36 a month. On the other hand, Mr. Monk is a flight instructor with Doss Aviation at Fort Rucker and earns $948.90 a month. Although there is a dispute as to the earnings from his position as a major in the National Guard, the appellee appears correct in referring to his 1978 wage and tax statement which lists $5,420.23 net pay which would amount to $461.61 net pay per month. Therefore his total take-home pay per month is $1,410.51.
The evidence at trial also established that Mrs. Monk had some health problems. She had to wear support hose because of leg problems. Mrs. Monk testified that she had had seven operations on her legs. Mr. Monk testified that his wife had only one leg operation to his knowledge.
As for the conduct of the parties, Mrs. Monk admitted to engaging in an adulterous affair after she and her husband had separated. However, there was also testimony by Mrs. Monk that she had found her husband embracing another woman and that she had also caught Mr. Monk talking on the phone to this same woman. Mrs. Monk testified that she had found prophylactics in her husband's possession, although she had her tubes tied in 1973. There was also testimony by both parties indicating that each had performed acts of violence on the other on occasion.
After carefully considering the evidence in light of the above noted criteria for determining alimony, we cannot hold that the trial court palpably abused its discretion.
The husband's third issue is whether the trial court abused its discretion in the award of custody of the minor child to the wife.
In a child custody case we have repeatedly stated that the primary consideration is the welfare and best interests of the child. Hodges v. Nelson, Ala.Civ.App., 370 So.2d 1020 (1979).
The father claims an unhealthy environment exists at the mother's home and that it would be in the best interests of the child to live with the father. Mr. Monk related that he had found drugs at the wife's house on two occasions — at these times an adult son of the wife's by a former marriage was staying at the house, though he no longer resides there; that on one occasion the son brought several of his friends to the house at night and they lounged on the front lawn drinking beer and singing; that the wife had become so intoxicated one night after the separation that she had to be taken home, however the bartender at the country club testified this was the only time she had seen the wife intoxicated; that the wife used vulgar language in front of the child; and that the older son would discipline his child.
Testimony was adduced showing that the mother had a loving relationship with the child; that she kept a neat, clean house; that the mother and child attended church regularly; that the husband was away from the house much of the time, but when he was present he yelled at the child, leaving the care and nurture of the child up to the mother; and that the child was afraid of the father.
Mr. Monk seems to contend that the wife should not be given custody of the child mainly because she spent several days with a male friend in another city. However, an adjudication of the wife's adultery in a divorce action is not in and of itself an absolute bar to her having custody of the parties' minor children. Eskew v. Eskew, 57 Ala. App. 512, 329 So.2d 567 (1976) We noted that a parent should not, necessarily, be deprived of child custody for each act of indiscretion or immorality unless such behavior had a detrimental effect on the child. In the instant case there is no evidence that the mother's behavior had such effect.
The evidence as to whether the best interests of the child would be served *Page 756 
by placing his custody in the mother or the father is conflicting. The trial court was in the best position to decide the conflict in the evidence on custody, for it heard the testimony and saw the witnesses testify. Consequently, its resolution of the conflicting evidence relating to child custody must be upheld unless the decision is plainly and palpably erroneous. We cannot say that this aspect of its decree is erroneous by this standard.
For the reasons set out above, the decree of the trial court is affirmed.
Mrs. Monk has requested an award of attorney's fee for defending this appeal, but, in view of the evidence, we conclude that she is able to pay for the services of her attorney. Request for attorney's fee is denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.