BRADLEY, Judge.
This is a divorce case.
Catherine and Richard Mathieson were married in California on January 25, 1975. They met each other through advertisements which they had placed in the Los Angeles “Free Press” seeking companionship. No children were born of the marriage; however, Mr. Mathieson had two children from a previous marriage who resided with him. The testimony showed that Mr. Mathieson’s daughter went to live with her mother, but the son has continued to reside with Mr. Mathieson.
*441 The husband was a sergeant in the United States Air Force. The wife also worked during the marriage to some extent. The testimony indicated that she worked as a civilian employee of the Air Force at some of the places in which the husband was stationed. Also during the marriage she went to college to finish work on her bachelor’s degree. The husband testified that he paid these school expenses, and that his wife lived away from him for one year in order to complete her education. The wife, however, testified that she paid her own expenses.
After obtaining her degree the wife joined the Air Force, where she is presently a lieutenant. The husband procured letters of recommendation from several Air Force officers to aid his wife in obtaining her position.
The wife filed for divorce on September 29, 1980 on the grounds of incompatibility and physical abuse. The husband filed a counterclaim contending that the wife was guilty of adultery. A hearing was held beginning on March 17, 1981 and the final decree of divorce was rendered on June 8, 1981. From this judgment the husband has appealed to this court.
In this appeal four issues have been raised for our consideration. The first issue for our consideration is whether the trial judge should have recused himself because of an ex parte communication with a witness. Second, the husband argues that the trial judge erred in not granting him the divorce on the grounds of adultery. Third, the husband contends that he should have been granted alimony. Finally, the husband contends that the court erred in its division of the property. We will address each of these issues separately.
During the course of the hearing the husband sought to prove that his wife had committed adultery. The husband had evidence that the wife had admitted her adultery while receiving treatment from the Montgomery Area Mental Health Authority. The husband tried to have records from his wife’s treatment admitted into evidence. The wife objected on the grounds that they were protected by the psychiatrist-patient privilege. The trial judge sustained these objections. The trial was then continued for several weeks. The husband, during this period, subpoenaed several employees of the Mental Health Authority so that they could testify as to what occurred during the wife’s treatments.
One of the persons he subpoenaed was a Dr. Pollard. After receiving his subpoena Dr. Pollard wrote the trial judge a letter asking to be excused from the subpoena on the grounds that he had no personal knowledge of the case and because he was going to be out of town on the day of the trial. As a result of this letter the trial judge sent a letter to both attorneys and Dr. Pollard stating that it appeared Dr. Pollard had no personal knowledge of the mátters involved in the upcoming hearing, that other persons who had been subpoenaed did have sufficient knowledge to testify about the records and that Dr. Pollard needed to be out of town on the day of the hearing. The judge then said he saw no reason for Dr. Pollard to be present and that he was going to excuse him unless the attorneys advised otherwise. The husband immediately filed a motion asking the trial judge to recuse himself because of this ex parte communication. The judge denied this motion, and the husband contends such denial was error.
The Canons of Judicial Ethics, Canon 3.A.(4), provides:
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte communications concerning a pending or impending proceeding. [Emphasis added.]
In the case of Stewart v. Stewart, 354 So.2d 816 (Ala.Civ.App.1977), we addressed the issue of a judge’s failure to recuse himself because of an ex parte communication with a witness. In that case the trial judge held a conversation with the witness in the hallway during a recess in the trial. We, however, held that merely because the judge’s conduct was inappropriate, such *442 conduct was not necessarily a sufficient ground for reversal absent a showing that the complaining party was materially prejudiced.
In the present case the husband has failed to show that he was in any way prejudiced by the actions of the trial judge. The wife dropped her objection to the introduction of the Mental Health records. Further, the husband called Linda Pouncey from the Mental Health Authority to testify. She was the one who had firsthand knowledge of the wife’s statements at the Mental Health Authority. As a result, the husband introduced into evidence all of the information concerning the wife’s statements at the Mental Health Authority. It is clear from the record that Dr. Pollard had no further knowledge to add to this evidence. The husband has not even contended that Dr. Pollard’s testimony was necessary. As a result, we cannot find that this ex parte communication so prejudiced the husband’s rights as to warrant reversal. Our finding, however, is not to be construed as a condonation of ex parte communications between the judge and a prospective witness.
The husband also argues that the trial court erred in not granting him a divorce on the ground of adultery.
The trial court’s decree divorcing the parties from the bonds of matrimony did not specify the ground or grounds upon which said decree was based. Although it is the better practice to set out the grounds in its decree, a trial court will not be reversed for its failure to do so. Cozad v. Cozad, 372 So.2d 1322 (Ala.Civ.App.1979). Where the decree fails to contain grounds for the divorce, this court will examine the record to see if there is sufficient evidence to support the ground or grounds propounded by the parties and if so the decree will be affirmed. Cozad, supra.
In the case at bar there is sufficient evidence that the parties were incompatible, hence the decree will be affirmed.
As to the failure of the trial court to ground its decree on the wife’s adultery, we note that where the trial court hears evidence in a divorce case ore tenus, its findings will be presumed correct and will not be overturned except for palpable error. Goodman v. Goodman, 366 So.2d 281 (Ala.Civ.App.1979). In the present case the evidence relating to the wife’s adultery is in sharp conflict and the resolution of that conflict was for the trial court, and its failure to base its decree on the adultery ground is not plainly wrong in view of the evidence.
In his third assignment of error the husband contends that he should have been awarded alimony. The award of alimony is within the sound discretion of the trial court and will not be reversed unless palpably wrong. Armstrong v. Armstrong, 391 So.2d 124 (Ala.Civ.App.1980). We can find no abuse of discretion in this case.
Both parties in this case are able to work and in fact have full-time jobs. The husband earns $14,000 a year as a service station manager. He also receives $744.22 per month retirement from the Air Force. The wife is a second lieutenant in the Air Force earning $1,200 per month.
In determining whether to award alimony the court is to consider such criteria as age, health, station in life, duration of marriage, and conduct of parties relating to the cause of divorce. Jernigan v. Jernigan, 344 So.2d 778 (Ala.Civ.App.1977). Considering those factors here, the trial court could certainly conclude that neither party was entitled to alimony.
Finally, the husband contends that the trial court abused its discretion in dividing the property. In a divorce action it is not required that a property award be equal. The only requirement is that the award be fair and equitable, and that is a matter within the discretion of the trial court. Cooper v. Cooper, 382 So.2d 569 (Ala.Civ.App.1980).
In the present case both parties were awarded a car and a motorcycle. The husband, however, argues that he still owes $5,000 on the car he was awarded while the *443 wife owes no money on her car. This is due to the fact that the husband’s car is almost new while the wife’s car is three years old.
The husband also argues that the decree awarded the wife a specified list of property, but that he could keep only those personal items of his which he already possessed. As a result, he contends that under the decree there is no way in which he can obtain possession of any items which were left in the wife’s custody and which he claims are his.
In looking at this issue, we note that the wife introduced without objection long lists of personal property owned by the parties. These lists showed that the husband had removed a large amount of property from the marital home. Although the husband states that there might be some of his personal items still in the wife’s possession, he does not state what those items are.
Based on the evidence in this record relating to the personal property allegedly owned by the parties, the manner in which the property was acquired, and the way the property was distributed between the parties, we are unable to say that the trial court so abused the discretion reposed in it to make property awards as to require a reversal of its decree.
Both parties have petitioned this court for attorney fees on appeal. Considering the nature of this case and the ability of both parties to pay their own attorney fees, we deem it appropriate to deny both requests.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.