Adam R. Alexander ("the husband") appeals from a judgment of the Houston Circuit Court that, among other things, divorced him from Joyce E. Alexander ("the wife"); awarded the wife custody of the parties' four-year-old son ("the child"); directed the husband to continue the wife's medical and health-insurance coverage for the period of time allowed by the Consolidated Omnibus Budget Reconciliation Act,29 U.S.C. §§ 1161-1169 ("COBRA"); and awarded the wife $5,000 from the husband's deferred-compensation retirement account. We affirm the judgment as to custody and COBRA benefits, but we reverse as to the $5,000 award.
The parties were married in April 1999, but they separated in April 2006. The wife filed a complaint seeking a divorce in September 2006, alleging that the parties' temperaments were incompatible and that there had been an irretrievable breakdown of the parties' marriage; she also averred that she had been the primary caregiver of the child during his lifetime and that she should be awarded custody of the child. The husband answered the complaint, agreeing that a divorce would be appropriate but denying that the wife was a fit parent entitled to custody of the child. The wife subsequently amended her complaint to request additional relief with respect to, among other things, the child's medical expenses. After an ore tenus proceeding, the trial court entered a judgment awarding the wife custody of the child (subject to the husband's visitation rights), directing the husband to "continue [the wife's] medical and health insurance coverage for the period of time allowed by COBRA," and requiring the husband to pay $5,000 to the wife from his deferred-compensation retirement account in order that the wife might purchase an automobile. The husband filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., in which he contended, among other things, that the $5,000 award to the wife from the husband's retirement account was not authorized because the parties had not been not married for 10 years; following the denial of that motion, the husband appealed to this court.
We first address the issue of child custody. Our review is governed by the following principles:
 "Alabama law gives neither parent priority in an initial custody determination. Ex parte Couch, 521 So.2d 987 (Ala. 1988). The controlling consideration in such a case is the best interest of the child. Id. In any case in which the court makes findings of fact based on evidence presented ore tenus, an appellate court will presume that the trial court's judgment based on those findings is correct, and it will reverse that judgment only if it is found to be plainly and palpably wrong. Ex parte Perkins, 646 So.2d 46 (Ala. 1994). The presumption *Page 492 
of correctness accorded the trial court's judgment entered after the court has heard evidence presented ore tenus is especially strong in a child-custody case. Id."
Ex parte Byars, 794 So.2d 345, 347 (Ala. 2001).
The record reveals that the child has lived in the marital home and has been in the primary care of the wife since his birth in November 2002 except for a period of one month following the parties' separation. The child was placed in day care only after the parties had separated and the wife was compelled to find work outside the home. At trial, the husband testified that the current custodial arrangement, under which the wife was the primary physical custodian of the child and the husband exercised weekend visitation, was "working"; he also admitted that although the living quarters and furnishings for the child at the husband's mother's home, where the husband was living at the time of trial, were more luxurious than the conditions present at the marital residence (a two-bedroom mobile home), where the wife was living at the time of trial, he had had no objection to the marital home as a residence for the child before the parties' separation.
The husband contends that he should have been awarded custody of the child. He cites to testimony given by himself and by several of his witnesses indicating that the wife has used foul language in the presence of the child (which the child has apparently, on occasion, imitated) and that she has used physical means to correct the child's behavior. The husband also argues that the child would be better off, in a material sense, living with him rather than living with the wife, who is also responsible for the care of her own mother; the record reveals that the wife's mother lives in the marital home, shares a bedroom with the child, and has a number of health problems.
However, none of those matters mandates a conclusion that the trial court acted outside its discretion in concluding that the wife should receive custody. It is well-settled that "a parent will not be denied custody for every act of indiscretion or immorality," Jones v. Haraway, 537 So.2d 946, 951
(Ala.Civ.App. 1988), and this court has affirmed judgments awarding custody to particular parents despite their use of profanity. Taylor v. Taylor, 586 So.2d 210, 212
(Ala.Civ.App. 1991); Monk v. Monk, 386 So.2d 753, 755
(Ala.Civ.App. 1980). Neither does a parent's occasional use of corporal punishment, such as slapping or spanking, mandate a conclusion that that parent is not a proper custodian for a child. See Estrada v. Redford, 855 So.2d 551, 554
(Ala.Civ.App. 2003) (affirming judgment refusing to modify custody when custodial parent used corporal punishment but the noncustodial parent did not); and A.H. v. R.M.,793 So.2d 799, 800-01 (Ala.Civ.App. 2001) (same). That the husband may be capable of providing a better standard of living than the wife likewise does not disqualify the wife from obtaining custody, because "[f]inancial status is also not necessarily determinative." West v. West, 469 So.2d 610, 612
(Ala.Civ.App. 1984).
Instead, in child-custody cases, "[t]he weight to be given to . . . all . . . relevant factors is in the trial court's discretion." West, 469 So.2d at 612. Here, as inSmith v. Smith, 836 So.2d 893, 897 (Ala.Civ.App. 2002), the appellate record contains evidence tending to show that one divorcing parent was primarily responsible during the marriage for providing day-to-day care for the child of the parties. Although, as in Smith, the parent awarded custody in this case is not a perfect parent, we cannot conclude that the trial court *Page 493 
acted outside its discretion in awarding custody to the wife.
The husband also contends that the trial court erred in directing him to provide COBRA health-insurance coverage for the wife. However, the husband has failed to cite any supporting legal authority whatsoever as to that argument, in contravention of Rule 28(a)(10), Ala. R.App. P., which requires that an appellant's brief contain "[a]n argument containing the contentions of the appellant/petitioner with respect to the issues presented, and the reasons therefor, with citationsto the cases, statutes, other authorities, and parts of the record relied on" (emphasis added). It is a fundamental principle of appellate review that"`[w]here an appellant fails to cite any authority for an argument, [an appellate court] may affirm the judgment as to those issues, for it is neither [an appellate court's] duty nor its function to perform all the legal research for an appellant.'" Spradlin v. BirminghamAirport Auth., 613 So.2d 347, 348 (Ala. 1993) (quoting SeaCalm Shipping Co., S.A. v. Cooks, 565 So.2d 212, 216
(Ala. 1990)).
We reach a different conclusion, however, concerning the husband's contention that the trial court erred in awarding the wife $5,000 from the husband's deferred-compensation retirement account. Although, by statute, a trial court may include in the estate of either spouse "the present value of any future or current retirement benefits[] that a spouse may have a vested interest in . . . on the date the action for divorce is filed," that court may do so only when certain conditions are met, one of which is that "[t]he parties have been married for a period of 10 years during which the retirement was being accumulated." Ala. Code 1975, § 30-2-51(b); see also Arnold v.Arnold, 977 So.2d 501, 508 (Ala.Civ.App. 2007) (§30-2-51(b) "limits the consideration of . . . retirement benefits as an asset possibly subject to division to situations in which the parties were married for at least a period of 10 years").
Counsel for the wife, with admirable candor, has conceded the husband's point, but counsel for the wife argues that the trial court, on remand, should have the authority to reconsider the issue of alimony. Our holding in Sumerlin v. Sumerlin,964 So.2d 47 (Ala.Civ.App. 2007), supports the wife's argument:
 "The division of property and the award of alimony are interrelated, and appellate courts review the entire judgment in determining whether the trial court abused its discretion as to either issue. See O'Neal v. O'Neal, 678 So.2d 161, 164 (Ala.Civ.App. 1996). `A court has no fixed standard to follow in awarding alimony or in dividing marital property[; r]ather the award or division need only be equitable and be supported by the particular facts of the case.' Ex parte Elliott, 782 So.2d 308, 311 (Ala. 2000). Because we review the award of alimony and the division of marital property together to determine whether the trial court abused its discretion, and because we are reversing the trial court's judgment insofar as it awards the wife a portion of the funds in the husband's [retirement account], we must also reverse the trial court's judgment as to the property division and alimony award in its entirety. Upon remand, the trial court may adjust those awards so as to create an equitable property division between the parties."
964 So.2d at 50.
For the foregoing reasons, we affirm the trial court's judgment as to custody and as to the award of COBRA benefits. However, we reverse the judgment as to the issues of alimony and property division, *Page 494 
and we remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.