PITTMAN, Judge.
Walter Marón Colgan (“the husband”) appeals from a judgment of divorce entered by the Lauderdale Circuit Court that, in addition to containing other financial and property rulings, directed him to pay periodic alimony of $425 per month to Carole Ann Colgan (“the wife”) and, as a component of its division of marital property, awarded the wife one-half of the husband’s retirement benefits. We reverse and remand.
In February 2013, the wife filed a complaint seeking a judgment of legal separation, averring that the parties had married in 1984. After unsuccessfully seeking dismissal of the action on personal-jurisdiction grounds, the husband filed an answer admitting that the parties had been married since 1984, but he asserted a counterclaim seeking a judgment of divorce based upon incompatibility of temperament.
*1111 After the case was set for an August 2014 trial, counsel for the husband filed a motion in limine seeking to prohibit “the admission of evidence regarding the retirement accounts and retirement income” of the husband. That motion asserted that the husband had retired from Philadelphia Electric Company (“PECo”) in 1990, just over six years after the parties’ marriage in 1984, and that the husband’s pension from PECo was, therefore, not part of the marital estate under the provisions of Ala. Code 1975, § 30-2-51(b), which states that a trial court dividing property incident to a divorce “may include in the estate of either spouse the present value of any ... current retirement benefits” under certain conditions, including the condition that “[t]he parties have been married for a period of 10 years during which the retirement was being accumulated.” The trial court set the motion for a hearing on the same date as the date of trial, but then continued the trial, and, subsequently, the attorney that had filed the motion in limine withdrew from representing the husband. After another attorney had appeared on behalf of the husband, the trial court held an ore tenus proceeding on the merits of the parties’ claims; there is no indication that the trial court granted or denied the motion in limine, and the husband testified at trial that he had worked for six years after the parties had married before retiring from PECo. The trial court ultimately entered a judgment divorcing the parties, confirming the parties’ previous personal-property division, dividing real property jointly owned by the parties in Rogersville, directing each party to pay debts incurred in his or her sole name and to be equally responsible for their joint debts, awarding motor vehicles to each party, ordering the husband to pay periodic alimony of $425 per month, and awarding the wife one-half of the husband’s PECo retirement account.
The husband, through new counsel, filed a motion pursuant to Rule 59(e), Ala. R. Civ. P., seeking to delete from the judgment the award of retirement benefits and an order “eliminating or reducing” the periodic-alimony award. As to retirement benefits, the husband quoted the entirety of § 30-2-51(b) and asserted that the wife had been married to the husband for only six years during the accumulation of the PECo retirement account, that the wife was not legally entitled to retirement benefits that had accrued before the parties married, and that the wife had failed to establish the present value of any benefits to which she had claimed entitlement. As to alimony, the husband asserted that, the evidence at trial had demonstrated that “all of [the wife’s] living expenses and business expenses were met in full by her current business income” so as to warrant the elimination or reduction of the periodic alimony awarded. Although the trial court scheduled a hearing on the postjudgment motion, the motion was not expressly ruled upon, and it was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., 90 days after it was filed. The husband timely appealed.
The husband, in his appellate brief, asserts, among other things, that the trial court’s award to the wife of any portion of his PECo retirement benefits was contrary to § 30-2-51(b). The wife’s appellate brief does not address the correctness of the trial court’s award of retirement benefits except to assert that the husband waived any objection to the introduction of financial information by his conduct at trial. However, caselaw does not support the proposition that an objection to an award of retirement benefits as being contrary to law as set forth in § 30-2-51(b) may not be asserted after trial, at the post-judgment stage. See, e.g., Mitchell v. Mitchell, 69 So.3d 904, 906 (Ala.Civ.App. *1112 2011) (noting, in the context of an opinion reversing a judgment awarding retirement benefits in contravention of § 30-2-51(b), that the appealing husband’s postjudgment motion had “challenged ... the award of 50% of his retirement benefits to the wife”). In this case, the husband’s various attorneys placed the trial court on notice that an award of retirement benefits must necessarily conform to § 30-2-51 (b) and that such an award in this particular case might not be permissible under that statute; thus, we conclude that the issue was preserved.
Moreover, we are compelled to agree with the substance of the husband’s contention regarding the award of retirement benefits.
“Although, by statute, a trial court may include in the estate of either spouse ‘the present value of any future or current retirement benefits[ ] that a spouse may have a vested interest in ... on the date the action for divorce is filed,’ that court may do so only when certain conditions are met, one of which is that ‘[t]he parties have been married for a period of 10 years during which the retirement was being accumulated.’ Ala.Code 1975, § 30-2-51(b).”
Alexander v. Alexander, 985 So.2d 490, 493 (Ala.Civ.App.2007) (emphasis added). Here, the only evidence presented to the trial court regarding the “accumulation” of the husband’s PECo retirement benefits was that he and the wife had been married for only 6 of the 28 total years during which he had accrued retirement benefits via his employment with PECo and that he had thereafter retired and started drawing retirement benefits. A plain reading of subsection (b)(1) of § 30-2-51 yields the conclusion that a trial court does not have the discretion to divide one party’s retirement benefits incident to a divorce judgment unless the parties to the action have been married for a 10-year period during which retirement benefits were accumulated. As a result, the trial court erred as a matter of law in awarding the wife any portion of the husband’s PECo retirement benefits.[1]
Based upon the text of § 30-2-51(b)(1), the trial court’s property division is due to be reversed insofar as it included an award of a portion of the husband’s PECo retirement benefits to the wife. However, as Alexander also notes, our reversal as to that issue also warrants reversal as to the related issue of the trial court’s award of alimony in this case, and our statements in Alexander apply with equal force in this case:
“ ‘The division of property and the award of alimony are interrelated, and appellate courts review the entire judgment in determining whether the trial court abused its discretion as to either issue. - “A court has no fixed standard to follow in awarding alimony or in dividing marital property[; r]ather the award or division need only be equitable and be supported by the particular facts of the case.” Because we review the award of alimony and the division of marital property together to determine whether the trial court abused its discretion, and because we are reversing the trial court’s judgment insofar as it awards the wife a portion of the funds in the husband’s [retirement account], we must also reverse the trial court’s judgment as to the property division and alimony award in its entirety. Upon remand, the trial *1113 court may adjust those awards so as to create an equitable property division between the parties.’ ”
Alexander, 985 So.2d at 493 (quoting Sumerlin v. Sumerlin, 964 So.2d 47, 50 (Ala.Civ.App.2007) (internal citations omitted)).
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. We thus do not reach the husband’s alternative argument that the award of 50% of the husband’s retirement benefits would also necessarily have been violative of § 30-2-51(b)(2) by virtue of the potential inclusion in that award of benefits accumulated by the husband before the parties’ marriage.