William E. Sumerlin ("the husband") appeals from a judgment that divorced him from Joy Sumerlin ("the wife") and that, among other things, divided the marital assets, ordered the former husband to pay alimony to the wife until he retired, and awarded the wife a portion of the funds in the husband's individual retirement account ("IRA").
The parties were married on June 15, 1990; it was the second marriage for both parties. No children were born to the couple. In April 2004, the wife filed a complaint in which she requested that the circuit court grant her a divorce on the grounds of an irretrievable breakdown of the marriage and adultery on the part of the husband. In that pleading, as last amended, the wife also requested an equitable division of the marital property, an award of periodic alimony, and an order that the husband be responsible for payment of all of the parties' marital debts.
Following numerous continuances, the circuit court conducted an ore tenus proceeding on March 10, 2006, at which both the husband and the wife presented testimony and documentary evidence. Each party attempted to place blame for the breakdown of the marriage on the other. The evidence indicated that the wife had learned of the existence of the husband's numerous extramarital sexual encounters during the course of the marriage but that she had always reconciled with the husband until his final extramarital romantic liaison. The wife, who was 64 years old at the time of trial, testified that at the time she met the husband she had been a realtor employed by Cooper and Company; she noted that during the early years of the parties' marriage she had kept her job and that she had secured health-insurance coverage for the parties through her employer. The wife noted that several years before trial the husband had insisted that she quit her job and that, after she did so, the wife had become completely financially dependent on the husband. She also stated that after she had left her full-time job as a realtor she had worked as an unpaid receptionist, bookkeeper, and assistant for the husband at his air-conditioning business.
The husband, who was 57 years old at the time of trial, stated that he had purchased the property that the parties had used as the marital residence more than 28 years before he met the wife. In addition to using the property as the parties' home during the marriage, the husband had used that location as the business address for his company, Theodore Air Conditioning. *Page 49 
Although the wife had helped the husband maintain and manage two rental properties acquired by the husband before the marriage, the husband asserted that the wife had not brought any real property into the marriage and, therefore, that she should not receive any portion of his real estate as part of the divorce judgment.
On March 22, 2006, the trial court entered a divorce judgment that, among other things, awarded the wife the marital residence and ordered the husband to pay $350 in monthly alimony until his retirement. That judgment also ordered the husband to pay the wife $27,500 from his IRA. The divorce judgment also divided the parties' motor vehicles, other personal property, and marital debt between the parties.
The husband appeals and asserts that the trial court erred in dividing the marital property in what he says is an inequitable manner and in awarding the wife a portion of the funds in his IRA. The husband's initial assertion is that the trial court improperly awarded the wife the marital residence because, he claims, he had acquired that property before the marriage. Dividing marital property and determining whether to award alimony are matters within the sound discretion of the trial court, and the judgment of the trial court is presumed correct when evidence is heard ore tenus. Ex parte Durbin,818 So.2d 404, 408 (Ala. 2001); and Parrish v. Parrish,617 So.2d 1036, 1038 (Ala.Civ.App. 1993). The law is well settled that "`"property divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court."'" Ex parte Drummand,785 So.2d 358, 361 (Ala. 2000) (quoting Morgan v.Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996), quoting in turn Duckett v. Duckett, 669 So.2d 195, 197
(Ala.Civ.App. 1995)); see also Golden v. Golden,681 So.2d 605, 608 (Ala.Civ.App. 1996). When dividing marital property and determining the need for alimony, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage.Golden, 681 So.2d at 608; see also Ex parteElliott, 782 So.2d 308, 311-312 (Ala. 2000). In examining whether the trial court's property division amounts to an abuse of its discretion, the proper question to be resolved is whether the property division was equitable under the facts of the case.See Golden, supra.
We note that § 30-2-51 (a), Ala. Code 1975, governs the determination as to what property that is part of a parties' separate estate may be included in a trial court's division of marital assets. That section specifically authorizes a trial court to consider dividing property acquired by one partybefore the marriage if "the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage." Although the husband contends that the property used as the marital residence and as his business location was part of his separate estate and should not have been awarded to the wife as part of the property division, the trial court had ample evidence before it indicating that the subject property had been regularly used "for the common benefit of the parties during their marriage." After applying the Golden factors cited above, the trial court could properly have concluded that for it to construct an equitable property division the wife was entitled to an award of at least one parcel of the real estate used by the parties during the marriage. The trial court clearly believed that allowing the *Page 50 
husband to retain his rental properties and his business, which together had provided the only sources of income for the parties during the final five or six years of the marriage more than balanced its award of the marital residence to the wife. We cannot conclude that the trial court erred in its division of real property between the parties.
The husband also challenges the trial court's award of $27,500 from his IRA to the wife. Whether certain assets are part of a party's separate estate or are divisible marital property is a determination based upon the facts in each case; such a determination is largely in the trial court's discretion.See Ex parte Drummond, 785 So.2d at 361; see alsoKaufman v. Kaufman, 934 So.2d 1073, 1080
(Ala.Civ.App. 2005). The wife produced evidence indicating that the husband's IRA had totaled only $15,000 when the parties had married in 1990 but that by September 2005 the husband's IRA had a balance in excess of $70,000. However, the wife did not offer any evidence indicating that the husband had contributed any moneys to the IRA during the parties' marriage, nor did she levy a claim to any portion of the funds in the IRA during the trial. In fact, when asked what she thought should happen to the IRA in light of the impending divorce, the wife stated, "Give it to him."
The husband relies on § 30-2-51(b)(2), Ala. Code 1975, which forbids division of a spouse's retirement benefits acquired before marriage or the interest on such benefits, to support his contention that the award to the wife of $27,500 from his IRA was improper. Although the testimony established the fact that after quitting her realty job, the wife served as an unpaid assistant to the husband, the wife offered no evidence indicating that any moneys had been deposited into the husband's IRA account during the marriage. Thus, based upon the evidence presented in this case, the trial court could conclude only that the $55,000 increase in the IRA during the marriage simply represented an extraordinary sum of interest and appreciation that had accrued on the premarital account value of $15,000. Without any evidence indicating that a portion of the moneys in the husband's IRA was divisible under § 30-2-51(b)(2), the trial court could not properly award any of the funds in the IRA to the wife. We conclude that the trial court erred when it divided the funds in the husband's IRA between the parties.
The division of property and the award of alimony are interrelated, and appellate courts review the entire judgment in determining whether the trial court abused its discretion as to either issue. See O'Neal v. O'Neal, 678 So.2d 161, 164
(Ala.Civ.App. 1996). "A court has no fixed standard to follow in awarding alimony or in dividing marital property [r]ather the award or division need only be equitable and be supported by the particular facts of the case." Ex parte Elliott,782 So.2d 308, 311 (Ala. 2000). Because we review the award of alimony and the division of marital property together to determine whether the trial court abused its discretion, and because we are reversing the trial court's judgment insofar as it awards the wife a portion of the funds in the husband's IRA, we must also reverse the trial court's judgment as to the property division and alimony award in its entirety. Upon remand, the trial court may adjust those awards so as to create an equitable property division between the parties.
REVERSED AND REMANDED WITH INSTRUCTIONS.
 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur. *Page 51