Though I concur with the main opinion inasmuch as it affirms the trial court's award of an attorney fee to the wife, I must respectfully dissent as to the main opinion's reversal of the trial court's award of $40,000 to the wife. I disagree with the main opinion that certain evidence presented at trial should have been disregarded by the trial court in fashioning its property division. The husband testified that he had obtained 675 shares of his employer's stock during the marriage and that those shares were worth $27,675 at the time of trial. The husband later testified that he invested various amounts from the parties' checking account, including $1,800 and $2,200 invested in annuities and $900 *Page 1133 
invested in a "Twentieth Century" account. In addition, the wife indicated that the husband "used" $975 per month out of the parties' joint checking account for investments during their seven-year marriage; that amount, in sum, equals $81,900. The wife also testified that she "basically paid the bills while [the husband] invested his money."
As this court has explained, "[d]ividing marital property and determining whether to award alimony are matters within the sound discretion of the trial court, and the judgment of the trial court is presumed correct when evidence is heard ore tenus." Sumerlin v. Sumerlin, 964 So.2d 47, 49
(Ala.Civ.App. 2007). Therefore, in view of the broad discretion afforded to trial courts in dividing marital property and in view of the above testimony regarding investments made by the husband during the parties' marriage, I would affirm the trial court's judgment insofar as it awarded $40,000 to the wife.
BRYAN, J., concurs.