THOMAS, Judge.
 

 Terry Lynn Ford (“the father”) and To-batha Gupton Ford (“the mother”) were married in November 1984. In September 2006, after nearly 22 years of marriage, the parties separated. The mother filed for a divorce. After a short trial, the trial court entered a judgment on April 16, 2007, divorcing the parties. The judgment awarded the parties joint custody of their children, ordered no child support be paid by either party, and awarded the mother her retirement account; the marital residence was ordered to be sold, and any remaining proceeds after the retirement of the two mortgages on the residence were to be divided equally.
 

 After the entry of the divorce judgment, the father filed a motion to require the mother to produce proof of the value of her retirement plan. He also filed a post-judgment motion requesting that the trial court award him physical custody and that
 
 *873
 
 the trial court reconsider its decision not to award him any portion of the mother’s retirement benefits. The mother filed a motion to enforce the divorce judgment and filed responses to the father’s motions. Pursuant to the trial court’s order granting the father’s request that she produce proof of the value of her retirement plan, the mother presented copies of documents relating to her retirement plan. After a hearing on the father’s postjudgment motion, the trial court, among other things not pertinent to this appeal, denied his motion. The father timely appealed.
 

 On appeal, the father argues first that the trial court’s joint-custody award fails to comply with the joint-custody statute because it fails to specify a joint-custody plan as required by Ala.Code 1975, § 30-3-153. He further argues that the trial court erred in not awarding him child support in light of the disparity in the parties’ incomes. Finally, the father argues that the trial court erred in failing to award him a portion of the mother’s retirement account.
 

 The father is self-employed as a residential contractor. His income affidavit lists his income as $4,666 per month. He testified at trial that 2006 had been a bad year for his business, but he did not specifically testify regarding his income for that year. The only “retirement” account that the father has is a $52,000 certificate of deposit. The mother is employed as a federal probation officer, earning $94,000 per year. She has worked for the federal government since 1979; she has been a probation officer for the last 16 of those years. The mother testified that she has a retirement plan and that she had accrued some retirement benefits before the parties’ marriage. The transcript is devoid of any evidence regarding the value of the mother’s retirement plan, whether she was vested in that plan, and what percentage of her retirement plan was earned before the parties married in 1984.
 

 We will first address the father’s contention that the trial court erred by not awarding him a portion of the mother’s retirement benefits. As noted above, the transcript contains no evidence regarding the mother’s retirement benefits other than the fact that she has a retirement account and that a portion of the value of that account was accumulated prior to the marriage. Although the father requested, in a postjudgment motion, information regarding the mother’s retirement account, and although the information the mother provided is in the record, the father failed to prove the type of retirement account that the mother has, what portion of the benefits were earned or accrued prior to the marriage, or if the mother’s rights to the retirement benefits have vested. As we have explained, Ala.Code 1975, § 30-2-51(b),
 
 [1]
 
 permits a trial court to award a spouse a portion of his or her spouse’s retirement benefits only if certain requirements are met:
 

 “A reading of § 30-2-51 (b) indicates that a trial judge has the discretion to
 
 *874
 
 divide a spouse’s retirement benefits if either of two conditions exists at the time the complaint for divorce is filed: a spouse must have a vested interest in or be receiving retirement benefits. Section 30-2-51(b) then states that the trial judge’s discretion to divide retirement benefits is further limited by three additional conditions:, the 10-year marriage rule of subsection (1); the post-nuptial acquisition-of-benefits rule of subsection (2); and the 50 percent division rule of subsection (3). The apparent meaning of these provisions, when read as a whole, is that the trial judge may divide the value of any retirement benefits in which one spouse has a vested interest or is receiving on the date the action for divorce is filed,
 
 provided that
 
 the parties have been married for 10 years as of that date, that the judge divides only those retirement benefits acquired during the marriage, and that the judge awards the noncovered spouse no more than 50 percent of the benefits that may be considered by the court.”
 

 Smith v. Smith,
 
 836 So.2d 893, 899-900 (Ala.Civ.App.2002). In cases in which the spouse seeking the award of benefits has not proven the amount of retirement benefits accrued during the marriage, we have held that that failure of proof prevents a trial court from exercising its discretion to award retirement benefits under the statute.
 
 See Capone v. Capone,
 
 962 So.2d 835, 840 (Ala.Civ.App.2006);
 
 Dunn v. Dunn,
 
 891 So.2d 891, 895 (Ala.Civ.App.2004). Thus, we cannot agree that the trial court’s failure to award the father a portion of the mother’s retirement benefits was error.
 

 The father also argues that the trial court erred by awarding the parties joint custody without setting out a plan for joint custody, as required by § 30-3-153, and that the trial court erred by not awarding him child support despite the disparity in the parties’ incomes. The father correctly argues that in cases in which joint custody is awarded, a plan for implementing the joint-custody arrangement is required. § 30-3-153(a). The statute reads:
 

 “(a) In order to implement joint custody, the court shall require the parents to submit, as part of them agreement, provisions covering matters relevant to the care and custody of the child, including, but not limited to, all of the following:
 

 “(1) The care and education of the child.
 

 “(2) The medical and dental care of the child.
 

 “(3) Holidays and vacations.
 

 “(4) Child support.
 

 “(5) Other necessary factors that affect the physical or emotional health and well-being of the child.
 

 “(6) Designating the parent possessing primary authority and responsibility regarding involvement of the minor child in academic, religious, civic, cultural, athletic, and other activities, and in medical and dental care if the parents are unable to agree on these decisions. The exercise of this primary authority is not intended to negate the responsibility of the parties to notify and communicate with each other as provided in this article.
 

 “(b) If the parties are unable to reach an agreement as to the provisions in subsection (a), the court shall set the plan.”
 

 § 30-3-153.
 

 In the present case, the trial court’s custody award reads as follows: “The parties shall have the shared joint care, custody, and control of [the parties’] children.” The award does not indicate which parent will have physical custody of the children on any given day, § 30-3-153(a)(l), which parent has the right to physical custody of
 
 *875
 
 the children on any particular holiday, § 30-3-153(a)(3), or which parent, in the face of disagreement between the two, has primary authority to resolve issues regarding the children’s education, religious upbringing, or medical care. § 30-3-153(a)(6). In short, we agree with the father that the award is deficient in many respects. We therefore reverse the trial court’s judgment regarding custody and remand the cause for the trial court to set a plan for joint custody as required by § 30-3-153(b).
 

 Because we are reversing the custody judgment, we also reverse the trial court’s judgment insofar as it failed to award child support to either party. The joint-custody plan set by the trial court on remand might impact the need for child support. In addition, we note that the determination of child support is considered to be a part of the joint-custody plan. § 30-3-153(a)(4).
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, and MOORE, JJ, concur.
 

 THOMPSON, P.J., concurs in the result, without writing.
 

 [1]
 

 . Section 30-3-51(b) reads:
 

 "(b) The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
 

 "(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
 

 "(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
 

 "(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.”