MOORE, Judge.
Juan A. Payne (“the husband”) appeals from a judgment entered by the Baldwin Circuit Court (“the trial court”) divorcing him from Pamela C. Payne (“the wife”). We reverse.

Procedural History

On September 7, 2007, the wife filed a complaint for a divorce. On September 26, 2007, the husband answered the complaint and counterclaimed for a divorce. The wife answered the counterclaim on October 2, 2007. After a trial, the trial court entered a divorce judgment on August 25, 2008, that provided, in pertinent part:
“While it would be the [wife’s] burden to prove the value of the amount of retirement accrued prior to the parties’ marriage, the Court finds that it is the [husband’s] burden to prove he actually accrued retirement prior to the marriage. The court does not find that the [husband] met this burden. Therefore, the [wife] is awarded one-half of the [husband’s] retirement account (TSP) as of the date the [wife] filed for divorce, September 7, 2007. The [wife] is not awarded any of the pension as there was insufficient testimony to establish what amount the [husband] will receive at the time he retires and what portion of that amount would be attributable to the time of the marriage.”
Both parties timely moved to alter, amend, or vacate the trial court’s judgment. On December 2, 2008, the trial court entered an amended judgment, which provided, in pertinent part:
“3. Upon the Court’s reconsideration of the evidence presented at trial, ... [the wife’s] Motion to Alter, Amend or Vacate filed 9/22/2008 is hereby granted in part, to-wit:
“a. The [wife] shall be awarded one-half of the [husband’s] pension account that accrued during the marriage. The same shall be calculated as follows: upon the [husband] beginning to receive the same, the [husband’s] gross monthly annuity under the Civil Sendee Retirement System shall be multiplied by a fraction wherein the numerator is the number of months the parties were married (276) and the denominator is the total number of months that the [husband] worked in service to the United States Government during which said pension accrued. [The wife] shall be awarded one-half of this product. The United States Office of Personnel Management is directed to pay the [wife’s] share directly to her....
“b. In the event the [husband] takes a lump sum refund, or distribution of employee contributions, [the wife] shall be entitled to a lump sum payment of ½ of the value of these benefits as of the date of this Order, plus any accrued interest. Earnings will be paid on the amount of the entitlement under this ORDER until payment is made.
“e. Pursuant to Section 834(h)(1) of Title 5, United States Code, [the wife] is awarded a former spouse survivor annuity under the Civil Service *653 Retirement System equal to 100% of the maximum possible survivor annuity.”
On December 29, 2008, the husband filed a second motion to alter, amend, or vacate, making arguments with regard to the initial judgment and the amended judgment. Although the trial court purported to enter an order on the husband’s second post-judgment motion on March 81, 2009, that order was a nullity because the motion had been denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., on March 30, 2009. See Moragne v. Moragne, 888 So.2d 1280, 1282 (Ala.Civ.App.2004).[1] The husband appealed on April 28, 2009.

Discussion

On appeal, the husband argues that the trial court erred in awarding the wife a portion of his Civil Service Retirement System benefits (“the retirement benefits”). Specifically, the husband argues that the trial court had no authority to make such an award because, he says, the wife failed to prove the amount of benefits that were accumulated during the parties’ marriage. We agree.
Section 30-2-51 (b), Ala.Code 1975, provides:
“The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
“(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
“(2) The court shall not include in the estate the value of any. retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
“(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.”
“In cases in which the spouse seeking the award of benefits has not proven the amount of retirement benefits accrued during the marriage, we have held that that failure of proof prevents a trial court from exercising its discretion to award retirement benefits under the statute.” Ford v. Ford, 3 So.3d 872, 874 (Ala.Civ.App.2008). For example, in Dunn v. Dunn, 891 So.2d 891 (Ala.Civ.App.2004), the husband in that case appealed arguing that the trial court had erred in awarding the wife in that case a portion of his retirement benefits because the wife had failed to prove the amount of retirement benefits that had accrued during the marriage. 891 So.2d at 895. This court “reverse[d] the trial court’s award of retirement benefits to the wife and remand[ed] the cause with instructions that the trial court not award the wife any portion of the husband’s retirement benefits and that it reconsider the division of the parties’ marital assets in light of the removal of the husband’s retirement benefits from consideration.” Id. See also Sumerlin v. Sumerlin, 964 So.2d 47, 50 (Ala.Civ.App.2007) (“Without any evidence indicating that a portion of the moneys in the husband’s *654 IRA [individual retirement account] was divisible under § 30 — 2—51(b)(2), [Ala.Code 1975,] the trial court could not properly award any of the funds in the IRA to the wife.”). Contrary to the trial court’s conclusion of law that it was the husband’s “burden to prove he actually accrued retirement prior to the marriage,” the foregoing cases hold that the spouse seeking an award of retirement benefits bears the burden of proving the amount of retirement benefits that were accumulated during the marriage.
“The term ‘burden of proof has been defined as:
“ ‘... [T]he duty of establishing the truth of a given proposition or issue by such an amount of evidence as the law demands in the case in which the issues arise. It is sometimes also said to mean the duty of producing evidence at the beginning or at any subsequent stage of the trial in order to make or meet a prima facie case. In some of our cases this is referred to as the burden or duty to go forward with the evidence....’”
Smith v. Civil Serv. Bd. of Florence, 52 Ala.App. 44, 48-49, 289 So.2d 614, 617 (1974) (quoting King v. Aird, 251 Ala. 613, 618, 38 So.2d 883, 888 (1949)). In all civil actions, when a party bears the burden of proof, that party must present substantial evidence of the elements necessary to sustain his or her case in order to receive a judgment in his or her favor. Ala.Code 1975, § 12-21-12(a). “[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
In this case, the wife did not present substantial evidence as to when the husband began accumulating retirement benefits. In her testimony, she initially stated that the husband had not accumulated any retirement benefits before the parties’ marriage. Later, however, she corrected herself to indicate that, in fact, she did not know whether the husband had begun accumulating retirement benefits while he was working as a “co-op” student before the parties married. That testimony, equivocal at best and, at worst, exhibiting a complete lack of personal knowledge on the subject, does not amount to substantial evidence as defined above. Thus, the wife failed to sustain her burden of proving the amount of the husband’s retirement benefits that were accumulated only during the marital period, which was part of the pri-ma facie case that the wife was required to prove in order to establish her right to a portion of those retirement benefits.
Because the wife did not establish her prima facie case, the burden never shifted to the husband to produce any evidence to refute or to overcome that prima facie case. See Birmingham Trust & Savings Co. v. Acacia Mut. Life Ass’n, 221 Ala. 561, 130 So. 327 (1930) (explaining that burden of going forward with evidence to rebut plaintiffs case arises when plaintiff has presented a prima facie case). The husband nevertheless testified that he began accumulating retirement benefits before his marriage to the wife while he was working as a “co-op” student. The trial court disbelieved that testimony. However, it was the wife who bore the burden of proof on the issue.
“[T]he burden of proof meaning the obligation to establish the truth of a given proposition or issue rests throughout the trial upon the party asserting the affirmative of the issue and unless he [or she] meets this obligation upon the whole case, he [or she] fails.”
King, 251 Ala. at 618, 38 So.2d at 888.
Moreover, the fact that the trial court did not credit the testimony of the hus *655 band did not establish that, in fact, the wife had proved that the husband had accumulated all his retirement benefits during the parties’ marriage. In Williams v. State of Alabama, 46 So.8d 3 (Ala.Civ.App.2010), a civil-forfeiture case, this court stated:
“Trooper Kelly admitted that there was no evidence to connect the cash with the sale of drugs. In its judgment, the trial court noted that, although Williams had stated that he had obtained the currency from an insurance payment, he had not offered any evidence to prove his assertion. However, the burden was not on Williams to prove where he obtained the money; the burden was on the State to prove that the money was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.”
46 So.3d at 6. As Williams indicates, when the party with the burden of proof fails to meet its burden, the fact that the trial court assigns no weight to the other party’s testimony does not excuse the initial failure of proof. See Ex parte Williams, 780 So.2d 673, 675 (Ala.2000) (“[Djoubts about the defendant’s credibility cannot satisfy the burden that is, by law, on the State to prove that the confession was voluntary.”). Assigning no weight to the testimony of the husband whatsoever, we are left with the testimony of the wife that she did not know whether the husband had accumulated retirement benefits before the parties’ marriage.
The ore tenus standard of review requires this court to presume that a trial court’s findings of fact based on conflicting oral testimony are correct. See Cauthen v. Yates, 716 So.2d 1256, 1259 (Ala.Civ.App.1998). As outlined above, we perceive no conflict in the testimony, so the ore tenus rule should not apply. In Ex parte Anonymous, 803 So.2d 542 (Ala.2001), the supreme court held in a judicial-bypass case, in which the only evidence consisted of the uncontradicted testimony of a minor seeking judicial permission to undergo an abortion without informing her parents, that the ore tenus rule still applies. The court noted that, in such cases, the minor bears the burden of proving that she is mature and well-informed enough to make the abortion decision and that, in reaching a determination on those points, the trial court may be influenced by more than the spoken words of the minor. Anonymous teaches that a reviewing court must presume that the nonverbal evidence before the trial court supports the trial court’s finding that a party did not meet its burden of proof. That principle is inapplicable to this case, in which the trial court determined that the wife did not have the burden of proof and in which the trial court excused the wife from presenting a prima facie case based on the court’s factual conclusion that the husband had testified untruthfully. Thus, regardless of whether the ore tenus rule applies, the result is the same — the trial court simply did not have sufficient evidence before it to sustain its award of retirement benefits to the wife.[2]
The husband also argues that the trial court’s division of property and its award of alimony were in error. In Sumerlin, this court stated:
“The division of property and the award of alimony are interrelated, and appellate courts review the entire judgment in determining whether the trial court abused its discretion as to either issue. See O’Neal v. O’Neal, 678 So.2d *656 161, 164 (Ala.Civ.App.1996). ‘A court has no fixed standard to follow in awarding alimony or in dividing marital property[; r]ather the award or division need only be equitable and be supported by the particular facts of the case.’ Ex parte Elliott, 782 So;2d 308, 311 (Ala.2000). Because we review the award of alimony and the division of marital property together to determine whether the trial court abused its discretion, and because we are reversing the trial court’s judgment insofar as it awards the wife a portion of ... the husband’s [retirement benefits], we must also reverse the trial court’s judgment as to the property division and alimony award in its entirety. Upon remand, the trial court may adjust those awards so as to create an equitable property division between the parties.”
964 So.2d at 50. Just as we did in Sumerlin, supra, and Dunn, supra, we reverse the trial court’s judgment in this case as to the property division and alimony award. Upon remand, the trial court “may adjust those awards so as to create an equitable property division between the parties” without considering the husband’s retirement benefits as an asset subject to division. Sumerlin, 964 So.2d at 50.
REVERSED AND REMANDED WITH INSTRUCTIONS.
BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., dissents, with writing, which PITTMAN, J., joins.

. Rule 59.1 provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day following the husband’s filing of his postjudgment motion on December 29, 2008, was Sunday, March 29, 2009. Therefore the husband's postjudgment motion was deemed denied on Monday, March 30, 2009. See First Alabama Bank v. McGowan, 758 So.2d 1116 (Ala.Civ.App.2000), and Richburg v. Cromwell, 428 So.2d 621 (Ala.1983).

. Because we are reversing the judgment to the extent that it awarded the wife a portion of the husband’s retirement benefits, we need not address the husband’s remaining arguments on this issue.