BRYAN, Judge.
Charles Mitchell (“the husband”) appeals from a judgment divorcing him from Elaine Mitchell (“the wife”), and the wife cross-appeals from that judgment. With respect to the appeal, we affirm in part, reverse in part, and remand with instructions. With respect to the cross-appeal, we affirm.
The husband and the wife married in 1992 and separated in 2008. They have *906 one child (“the child”), a son, who was born in 1994. In 2009, the husband sued the wife for a divorce on the ground of incompatibility. Counterclaiming, the wife sought a divorce on the grounds of incompatibility and adultery. Following a bench trial at which it received evidence ore ten-us, the trial court entered a judgment that, among other things, divorced the parties on the ground of incompatibility; awarded the wife primary physical custody of the child; awarded the husband visitation with the child; imputed gross income in the amount of $10,875 per month to the husband; ordered the husband to pay child support in the amount of $1,131 per month; ordered the husband to maintain a policy of health insurance covering the child; ordered the husband to pay periodic alimony in the amount of $1,500 per month; found that the funds in a USAA checking and savings account and the funds in a Frank Templeton account were funds the husband had inherited from his mother and awarded them to the husband; divided the parties’ marital property; and awarded the wife 50% of the husband’s retirement benefits.
Following the entry of the judgment, both parties filed postjudgment motions. The husband’s postjudgment motion challenged, among other things, the calculation of his monthly child-support payment, the amount of alimony awarded the wife, the division of the parties’ marital property, and the award of 50% of his retirement benefits to the wife. Among other things, the wife’s postjudgment motion challenged the finding that the funds in the USAA checking and savings account were inherited by the husband from his mother and the award of those funds to the husband. The trial court denied both postjudgment motions; the husband then appealed to this court, and the wife cross-appealed.
Because the trial court received evidence ore tenus, our review is governed by the following principles:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.’ ” ’ Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘ “The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Wattman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
The husband first argues that the trial court erred in calculating his monthly child-support payment because, he says, the trial court did not impute income to the wife.
“The trial court is afforded the discretion to impute income to a parent for the purpose of determining child support, and the determination that a parent is voluntarily unemployed or underemployed ‘is to be made from the facts presented according to the judicial discretion of the trial court.’ Winfrey v. Winfrey, 602 So.2d 904, 905 (Ala.Civ. App.1992). See also Rule 32(B)(5), Ala. R. Jud. Admin.”
*907 Clements v. Clements, 990 So.2d 383, 394 (Ala.Civ.App.2007). In the case now before us, the trial court had before it evidence from which it could have reasonably found that the parties had agreed in 2004 or 2005 that the wife would stay at home to get the child ready for school in the morning and to take care of him when he came home from school in the afternoon instead of working; that she had not worked since 2004 or 2005 because of that arrangement; and, therefore, that the wife was not voluntarily unemployed. Accordingly, we conclude that the trial court’s refusal to impute income to the wife did not exceed its discretion. See Clements.
The husband also argues that the trial court erred in calculating his child-support obligation because, he says, the trial court did not include the premium he must pay in order to maintain health-insurance coverage for the child (“the premium”) in its calculation of his child-support obligation. However, given the circumstances in this particular case, the failure of the trial court to include the premium in its calculation of the husband’s child-support obligation constituted harmless error.
In pertinent part, Rule 32(C)(2), Ala. R. Jud. Admin., provides:
“A total child-support obligation is determined by adding the basic child-support obligation [as determined by using the Schedule of Basic Child-Support Obligations appended to Rule 32], work-related child-care costs, and health-insurance costs. The total child-support obligation shall be divided between the parents in proportion to their adjusted gross incomes. The obligation of each parent is computed by multiplying the total child-support obligation by each parent’s percentage share of their combined adjusted gross income.... ”
In the case now before us, the wife was unemployed and the trial court refused to impute income to her. Thus, the trial court implicitly determined that the husband earned 100% of the parties’ income and should be responsible for providing 100% of the child’s support. Because there are no work-related child-care costs,[1] 100% of the child’s support under Rule 32(C)(2) equals the basic child-support obligation, which in this case is $1,131 per month, plus the premium.[2] Although the trial court did not include the premium in its calculation of the husband’s child-support obligation, it ordered the husband to maintain health-insurance coverage for the child in a provision of the judgment that was separate from the child-support provision. By requiring the husband to maintain the health-insurance coverage for the child, the trial court required the husband to pay the premium. Thus, through two provisions of the judgment, i.e., the child-support provision ordering the husband to pay child support in the amount of $1,131 and the provision requiring him to maintain the health-insurance coverage for the child, the trial court required the husband to pay the same amount he would have been obligated to pay if the trial court had included the premium in its calculation of the child-support obligation, i.e., the basic child-support obligation in the amount of $1,131 plus the premium. Therefore, the *908 trial court’s error in failing to include the premium in the calculation of the husband’s child-support obligation was harmless. See Rule 45, Ala. R.App. P. (“No judgment may be reversed or set aside ... in any civil ... case ... for error as to any matter of ... procedure, unless in the opinion of the court to which the appeal is taken ..., after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties.”). We reached the same conclusion in Clements when the father was responsible for providing 100% of the children’s support and the trial court, although it failed to include the amount the father would pay for the children’s health insurance in its calculation of the father’s child-support obligation, ordered the father to pay for the children’s health insurance. See Clements, 990 So.2d at 395.
The husband also presents several arguments challenging the award of 50% of his retirement benefits to the wife. One of those arguments is that that award should be reversed because the wife did not prove the amount of retirement benefits he had acquired during the marriage. We agree.
Section 80-2-51(b), Ala.Code 1975, provides:
“The judge, at his or her discretion, may include in the estate of either spouse the present value of any future or current retirement benefits, that a spouse may have a vested interest in or may be receiving on the date the action for divorce is filed, provided that the following conditions are met:
“(1) The parties have been married for a period of 10 years during which the retirement was being accumulated.
“(2) The court shall not include in the estate the value of any retirement benefits acquired prior to the marriage including any interest or appreciation of the benefits.
“(3) The total amount of the retirement benefits payable to the non-covered spouse shall not exceed 50 percent of the retirement benefits that may be considered by the court.”
(Emphasis added.) This court has stated:
“A reading of § 30-2-51 (b) indicates that a trial judge has the discretion to divide a spouse’s retirement benefits if either of two conditions exists at the time the complaint for divorce is filed: a spouse must have a vested interest in or be receiving retirement benefits. Section 30-2-51(b) then states that the trial judge’s discretion to divide retirement benefits is further limited by three additional conditions: the 10-year marriage rule of subsection (1); the post-nuptial acquisition-of-benefits rule of subsection (2); and the 50 percent division rule of subsection (3). The apparent meaning of these provisions, when read as a whole, is that the trial judge may divide the value of any retirement benefits in which one spouse has a vested interest or is receiving on the date the action for divorce is filed, provided that the parties have been married for 10 years as of that date, that the judge divides only those retirement benefits acquired during the marriage, and that the judge awards the noncovered spouse no more than 50 percent of the benefits that may be considered by the court.”
Smith v. Smith, 836 So.2d 893, 899-900 (Ala.Civ.App.2002) (emphasis altered).
As a prerequisite to the trial court’s awarding her a portion of the husband’s retirement benefits, the wife bore the burden of proving the amount of the husband’s retirement benefits that had accrued during the marriage.
“ Tn cases in which the spouse seeking the award of benefits has not proven *909 the amount of retirement benefits accrued during the marriage, we have held that that failure of proof prevents a trial court from exercising its discretion to award retirement benefits under the statute.’ Ford v. Ford, 3 So.3d 872, 874 (Ala.Civ.App.2008). For example, in Dunn v. Dunn, 891 So.2d 891 (Ala.Civ.App.2004), the husband in that case appealed arguing that the trial court had erred in awarding the wife in that case a portion of his retirement benefits because the wife had failed to prove the amount of retirement benefits that had accrued during the marriage. 891 So.2d at 895. This court ‘reverse[d] the trial court’s award of retirement benefits to the wife and remand[ed] the cause with instructions that the trial court not award the wife any portion of the husband’s retirement benefits and that it reconsider the division of the parties’ marital assets in light of the removal of the husband’s retirement benefits from consideration.’ Id. See also Sumerlin v. Sumerlin, 964 So.2d 47, 50 (Ala.Civ. App.2007) (“Without any evidence indicating that a portion of the moneys in the husband’s IRA [individual retirement account] was divisible under § 30-2-51(b)(2), [Ala.Code 1975,] the trial court could not properly award any of the funds in the IRA to the wife.’). Contrary to the trial court’s conclusion of law that it was the husband’s ‘burden to prove he actually accrued retirement prior to the marriage,’ the foregoing cases hold that the spouse seeking an award of retirement benefits bears the burden of proving the amount of retirement benefits that were accumulated during the marriage.”
Payne v. Payne, 48 So.3d 651, 653-54 (Ala. Civ.App.2010).
In the case now before us, the wife did not introduce any evidence indicating the amount of the husband’s retirement benefits that had accumulated during the marriage while the husband testified that his retirement benefits had been accumulating for 41 years, approximately 23 of which were before the parties married. Even if the trial court had found that the husband’s testimony in that regard was not credible, such a finding would not have relieved the wife of her initial burden of proving the amount of the retirement benefits that had accumulated during the marriage. As we explained in Payne:
“ ‘The term “burden of proof’ has been defined as:
“ . [T]he duty of establishing the truth of a given proposition or issue by such an amount of evidence as the law demands in the case in which the issues arise. It is sometimes also said to mean the duty of producing evidence at the beginning or at any subsequent stage of the trial in order to make or meet a prima facie case. In some of our cases this is referred to as the burden or duty to go forward with the evidence....’”
“Smith v. Civil Serv. Bd. of Florence, 52 Ala.App. 44, 48-49, 289 So.2d 614, 617 (1974) (quoting King v. Aird, 251 Ala. 613, 618, 38 So.2d 883, 888 (1949)). In all civil actions, when a party bears the burden of proof, that party must present substantial evidence of the elements necessary to sustain his or her case in order to receive a judgment in his or her favor. Ala.Code 1975, § 12-21-12(a). ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
“In this case, the wife did not present substantial evidence as to when the husband began accumulating retirement *910 benefits. In her testimony, she initially stated that the husband had not accumulated any retirement benefits before the parties’ marriage. Later, however, she corrected herself to indicate that, in fact, she did not know whether the husband had begun accumulating retirement benefits while he was working as a ‘co-op’ student before the parties married. That testimony, equivocal at best and, at worst, exhibiting a complete lack of personal knowledge on the subject, does not amount to substantial evidence as defined above. Thus, the wife failed to sustain her burden of proving the amount of the husband’s retirement benefits that were accumulated only during the marital period, which was part of the prima facie case that the wife was required to prove in order to establish her right to a portion of those retirement benefits.
“Because the wife did not establish her prima facie case, the burden never shifted to the husband to produce any evidence to refute or to overcome that prima facie case. See Birmingham, Trust & Savings Co. v. Acacia Mut. Life Ass’n, 221 Ala. 561, 130 So. 327 (1930) (explaining that burden of going forward with evidence to rebut plaintiffs case arises when plaintiff has presented a prima facie case). The husband nevertheless testified that he began accumulating retirement benefits before his marriage to the wife while he was working as a ‘co-op’ student. The trial court disbelieved that testimony. However, it was the wife who bore the burden of proof on the issue.
‘“[T]he burden of proof meaning the obligation to establish the truth of a given proposition or issue rests throughout the trial upon the party asserting the affirmative of the issue and unless he [or she] meets this obligation upon the whole case, he [or she] fails.’
“King, 251 Ala. at 618, 38 So.2d at 888.
“Moreover, the fact that the trial court did not credit the testimony of the husband did not establish that, in fact, the wife had proved that the husband had accumulated all his retirement benefits during the parties’ marriage. In Williams v. State of Alabama, 46 So.3d 3 (Ala.Civ.App.2010), a civil-forfeiture case, this court stated:
“‘Trooper Kelly admitted that there was no evidence to connect the cash with the sale of drugs. In its judgment, the trial court noted that, although Williams had stated that he had obtained the currency from an insurance payment, he had not offered any evidence to prove his assertion. However, the burden was not on Williams to prove where he obtained the money; the burden was on the State to prove that the money was used, or intended for use, in a transaction which would be a violation of the Alabama Controlled Substances Act.’
“46 So.3d at 6. As Williams indicates, when the party with the burden of proof fails to meet its burden, the fact that the trial court assigns no weight to the other party’s testimony does not excuse the initial failure of proof. See Ex parte Williams, 780 So.2d 673, 675 (Ala.2000) (‘[Djoubts about the defendant’s credibility cannot satisfy the burden that is, by law, on the State to prove that the confession was voluntary.’).”
48 So.3d at 654-55.
Thus, in the case now before us, even if the trial court did not find the husband’s testimony that he had been accumulating retirement benefits for approximately 23 years before the parties married credible, we are left with no evidence indicating the amount of retirement benefits that had accrued during the marriage. See Payne. Consequently, we must reverse the award *911 of 50% of the husband’s retirement benefits to the wife.[3] Id.
The husband also argues that the trial court erred in dividing the parties’ marital property and awarding the wife periodic alimony. In Payne, this court stated:
“The husband also argues that the trial court’s division of property and its award of alimony were in error. In Sumerlin[ v. Sumerlin, 964 So.2d 47 (Ala.Civ.App.2007) ], this court stated:
“ ‘The division of property and the award of alimony are interrelated, and appellate courts review the entire judgment in determining whether the trial court abused its discretion as to either issue. See O’Neal v. O’Neal, 678 So.2d 161, 164 (Ala.Civ.App.1996). “A court has no fixed standard to follow in awarding alimony or in dividing marital property[; rjather the award or division need only be equitable and be supported by the particular facts of the case.” Ex parte Elliott, 782 So.2d 308, 311 (Ala.2000). Because we review the award of alimony and the division of marital property together to determine whether the trial court abused its discretion, and because we are reversing the trial court’s judgment insofar as it awards the wife a portion of ... the husband’s [retirement benefits], we must also reverse the trial court’s judgment as to the property division and alimony award in its entirety. Upon remand, the trial court may adjust those awards so as to create an equitable property division between the parties.’
“964 So.2d at 50. Just as we did in Sumerlin, supra, and Dunn [v. Dunn, 891 So.2d 891 (Ala.Civ.App.2004) ], we reverse the trial court’s judgment in this case as to the property division and alimony award. Upon remand, the trial court ‘may adjust those awards so as to create an equitable property division between the parties’ without considering the husband’s retirement benefits as an asset subject to division. Sumerlin, 964 So.2d at 50.”
48 So.3d at 655-56. Therefore, as we did in Sumerlin v. Sumerlin, 964 So.2d 47 (Ala.Civ.App.2007), Dunn v. Dunn, 891 So.2d 891 (Ala.Civ.App.2004), and Payne, we reverse the trial court’s judgment insofar as it divided the parties’ marital property and awarded the wife periodic alimony and instruct the trial court that, upon remand, it “ ‘may adjust those awards so as to create an equitable property division between the parties’ ” without considering the husband’s retirement benefits as an asset subject to division. Payne, 48 So.3d at 656 (quoting Sumerlin, 964 So.2d at 50).
In the cross-appeal, the wife argues that the trial court erred insofar as it found that the husband had inherited all the funds in the USAA checking and savings account from his mother and- awarded the entire balance in that account to the husband.[4] By finding that the husband inherited the funds in the USAA checking and savings account from his, mother and awarding the husband the entire balance *912 in that account, the trial court implicitly held that the funds in that account constituted separate property of the husband that was not subject to division rather than marital property.
“A party’s ‘“separate estate” is that property over which [he or] she exercises exclusive control and from which the [spouse] ... derives no benefit by reason of the marital relationship.’ Gartman v. Gartman, 376 So.2d 711, 713 (Ala.Civ.App.1978). The separate estate of the parties in a divorce proceeding includes property owned prior to the marriage and property received by gift or inheritance during the marriage. § 30-2-51(a), Ala.Code 1975. Although marital property generally includes property purchased or otherwise accumulated by the parties during the marriage, it may also include the property acquired before the marriage or received by gift or inheritance during the marriage when it is used, or income from it is used, regularly for the common benefit of the parties during their marriage. See § 30-2-51(a), Ala.Code 1975.
“The trial judge is granted broad discretion in determining whether property purchased before the parties’ marriage or received by gift or inheritance was used ‘regularly for the common benefit of the parties during the marriage.’ See § 30-2-51, Ala.Code 1975. Even if the trial court determines that such property was regularly used for the common benefit of the parties during the marriage, the determination whether to include such property in the marital assets to be divided between the parties lies within the discretion of the trial court. Durbin v. Durbin, 818 So.2d 404 (Ala. 2001).”
Nichols v. Nichols, 824 So.2d 797, 802 (Ala.Civ.App.2001).
The wife argues that the trial court erred with respect to the USAA account because she testified that she had deposited into that account $23,000 she had withdrawn from the parties’ joint bank account and, therefore, all the funds in that account were not funds the husband had inherited from his mother. However, the husband testified that he had inherited all the funds in the USAA account from his mother.
“In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of witnesses, and the trial court should accept only that testimony it considers to be worthy of belief. Ostrander v. Ostrander, 517 So.2d 3 (Ala. Civ.App.1987). Further, in determining the weight to be accorded to the testimony of any witness, the trial court may consider the demeanor of the witness and the witness’s apparent candor or evasiveness. Ostrander, supra.... It is not the province of this court to override the trial court’s observations. Brown [ v. Brown, 586 So.2d 919 (Ala. Civ.App.1991) ].”
Woods v. Woods, 653 So.2d 312, 314 (Ala. Civ.App.1994). Thus, the trial court, as the sole judge of the credibility of the witnesses, could have accepted the husband’s testimony that he had inherited all the funds in the USAA checking and savings account as credible and rejected the wife’s conflicting testimony that she had deposited into that account $23,000 she had withdrawn from the parties’ joint checking account as not being credible. Thus, because the trial court’s finding that the husband had inherited all the funds in the USAA checking and savings account is supported by the evidence before the trial court, we must presume that that finding is correct. See Retail Developers of Alabama, supra. Moreover, because the wife has made no showing that the trial court’s implicit determination that the funds in the *913 USAA checking and savings account constituted the husband’s separate property exceeded the trial court’s discretion, we affirm the award of all the funds in that account to the husband.
To summarize our holdings with respect to the husband’s appeal, we affirm the judgment of the trial court insofar as it calculated the husband’s child-support obligation; we reverse the judgment of the trial court insofar as it awarded the wife 50% of the husband’s retirement benefits, divided the parties’ marital property, and awarded the wife periodic alimony; and we remand the cause to the trial court with instructions. With respect to the cross-appeal, we affirm the award to the husband of all the funds in the USAA checking and savings account.
APPEAL — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL — AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Because the wife does not work, she is free to care for the child when he is not in school.

. The trial court imputed gross income in the amount of $10,875 per month to the husband. The husband has not challenged the trial court's imputation of that amount of income to him. "When an appellant fails to argue an issue in its brief, that issue is waived.” Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982). The Rule 32 Schedule of Basic Child-Support Obligations specifies a basic child-support obligation of $1,131 for one child when the parents have a combined adjusted gross income in the amount of $10,875.

. The husband also argues that we should reverse the award of 50% of his retirement benefits to the wife on two additional grounds. However, because we are reversing that award on the ground that the wife did not prove the amount of retirement benefits that had accumulated during the marriage, we need not discuss those two additional grounds.

. Because the wife has not argued before this court that the trial court erred in implicitly determining that all the funds in the Frank Templeton account constituted the husband’s separate property, we do not address that issue. See Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).