THOMPSON, Presiding Judge,
concurring in part and concurring in the result in part as to the appeal and concurring in the result as to the cross-appeal.
With regard to the issue of child support, I agree that the trial court erred in failing to consider the income of Christine Kean (“the wife”) from her trust as a component of her gross income for the purpose of calculating child support. For the purposes of calculating child support, a parent’s “gross income”
“includes income from any source, and includes, but is not limited to, salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, Social Security benefits, workers’ compensation benefits, unemployment-insurance benefits, disability-insurance benefits, gifts, prizes, and preexisting periodic alimony.”
Rule 32(B)(2)(a), Ala. R. Jud. Admin.
I also agree with the conclusion in the main opinion that, given the evidence presented to it, the trial court erred in determining the gross income of Tyler Kean (“the husband”) for the purpose of calculating child support. The record indicates that the husband has both self-employment income and “other income,” as those terms are defined under the Rule 32 child-support guidelines. See Rule 32(B)(3) and Rule 32(B)(4). The trial court has no discretion that would allow it to ignore those sources of income. Massey v. Massey, 706 So.2d 1272, 1274 (Ala.Civ.App.1997).
The determination of the amount of the husband’s gross income is within the discretion of the trial court. Hall v. Hubbard, 697 So.2d 486, 488 (Ala.Civ.App.1997). The amount of the husband’s income is not undisputed; the husband contended that the full amount of income as determined by the wife’s expert should not be attributed to him. Although the application of the Rule 32 child-support guidelines is mandatory, matters concerning child support are still within the discretion of the trial court. Hamilton v. Hamilton, 647 So.2d 756, 758 (Ala.Civ.App.1994); Smith v. Smith, 587 So.2d 1217, 1218 (Ala.Civ.App.1991). “The trial court is not bound by the income figures advanced by the parties, and it has discretion in determining a parent’s gross income.” Morgan v. Morgan, 183 So.3d 945, 961 (Ala.Civ.App.2014), writ quashed, 183 So.3d 969 (Ala.2015). See also Knight v. Knight, 53 So.3d 942, 956 (Ala.Civ.App.2010) (holding that the father had failed to demonstrate that the trial court abused its discretion in determining the amount of his income); Hood v. Hood, 23 So.3d 1160, 1165 (Ala.Civ.App.2009) (“[T]he amount of the father’s gross income under Rule 32 is a matter to be determined by the trier of fact.”); and Davidson v. Davidson, 643 So.2d 1001, 1004 (Ala.Civ.App.1994) (holding that “the trial court was within its discretion to determine the monthly gross income of the parties” for the purposes of determining child support under the Rule 32 guidelines).
Therefore, although I do not agree with all the reasoning in the main opinion leading to this result, I concur in the result to reverse the trial court’s judgment as to *69 child support and to remand the matter to the trial court for a redetermination of child support after determining' the husband’s income from all sources and considering the wife’s trust income. See Wellborn v. Wellborn, 100 So.3d 1122, 1128 (Ala.Civ.App.2012) (reversing a child-support determination when the trial court had failed to consider all sources of income and remanding the matter to the trial court to redetermine child support by including those sources of income); Bushnell v. Bushnell, 713 So.2d 962, 966 (Ala.Civ.App.1997) (reversing the judgment and remanding the cause for the trial court to recalculate child support by including all sources of income in determining the father’s gross income); and Spillers v. Spillers, 707 So.2d 256, 258-59 (Ala.Civ.App.1997) (reversing the judgment and remanding the cause for the trial court to recalculate child support by including other sources of income in the determination of the father’s gross income); see also Lightel v. Myers, 791 So.2d 955, 961 (Ala.Civ.App.2000) ,(“If the trial, court determines . that the application of. the Child Support Guidelines is unjust or inequitable and elects to deviate from those guidelines in establishing the father’s support obligation, it must make those findings required by Rule 32(A)(ii), Ala. R. Jud. Admin.”).
I also concur in the result reached by the main opinion with regard to the issue of the alimony award. As the wife points out in her appellate brief, the issues of alimony and property division are interrelated and must be considered together. Albertson v. Albertson, 678 So.2d 118, 120 (Ala.Civ.App.1995). Our court has explained:
“This court must consider the issues of property division and alimony together when reviewing the decision of the trial court. Albertson v. Albertson, 678 So.2d 118, 120 (Ala.Civ.App.1995). ‘[TJhere is no rigid standard or mathematical formula on which a trial court must base its determination of alimony and the division of marital assets.’ Yohey v. Yohey, 890 So.2d 160, 164 (Ala.Civ.App.2004). In Lackey v. Lackey, 18 So.3d 393 (Ala.Civ.App.2009), this court stated:
“ ‘ “When dividing marital property and determining a party’s need for alimony, a trial court should consider several factors, including ‘ “the length of the marriage, the age and health of the parties, the future employment prospects of the parties, the.source, value, and type of property owned, and the standard of living to which the parties have become accustomed during the marriage.” ’ Ex parte Elliott, 782 So.2d 308 (Ala.2000) (quoting Nowell v. Nowell, 474 So.2d 1128, 1129 (Ala.Civ.App.1985)) (footnote omitted). In addition, the trial court may also consider the conduct of the parties with regard to the breakdown of the marriage.” ’
“Lackey, 18 So.3d at 401 (quoting Baggett v. Baggett, 855 So.2d 556, 559 (Ala.Civ.App.2003)).”
Shewbart v. Shewbart, 19 So.3d 223, 231 (Ala.Civ.App.2009).
The wife argues that the trial court exceeded its discretion in dividing the marital property. According to both the. main opinion and the.husband’s appellate brief, the wife was awarded approximately $110,000 plus her vehicle in the property division. The husband received the a boat valued at $24,000, his vehicle, and the business. ' The husband contends the business has a “a fair market value of $231,000.” The wife presented evidence, however, indicating that the business was worth $794,000, and she argued before the trial court that, under Alabama law, her valúa *70 tion method was more appropriate than that utilized by the husband’s expert, which focused on the value of the business if it was sold.[4] In Alabama, for purposes of valuing a family business in a divorce action, the business should be valued a its fair value, as opposed to its fair market value, when there is no evidence that the business is going to be sold as a result of the divorce action. See Grelier v. Grelier, 44 So.3d 1092, 1096-98 (Ala.Civ.App.2009) (discussing the various valuation methods); Ex parte Hartley, 50 So.3d 1102, 1106 (Ala.Civ.App.2010) (“[W]e hold that because the crucial inquiry to be undertaken by a trial court in a divorce action is to determine the fair value of the "parties’ assets rather than to adhere in all cases to their ‘fair market value,’ ” discovery concerning fair value is within the scope of Rule 26(b)(1), Ala. R. Civ. P.); and Wilson v. Wilson, 93 So.3d 122, 127 (Ala.Civ.App.2011) (“This court has explained that a trial court valuing a closely held business in the context of a divorce is not to determine the ‘fair market value’ of the entity but, instead, is to determine the ‘fair value’ of the entity.”).
Thus, given-the argument the wife made to the trial court concerning the value of the business awarded to the husband, the trial court could reasonably have concluded that the award of alimony offset a property division that greatly favored the husband.[5] Further, the evidence supports a conclusion that the husband’s conduct caused the breakdown of the parties’ 1-7-year marriage. In addition; the parties’ oldest child has special needs. The evidence indicates that that child requires full-time care, which the wife provides, and that he will continue to need such care for the remainder of his life.[6] Thus, the wife’s future employment prospects are limited by her need to care for the parties’ oldest child. A property division and an alimony award are required to be equitable, and a determination of what is equitable under the facts of a particular case rests within the sound discretion of the trial court. Payne v, Payne, 48 So.3d 651, 655-56 (Ala.Civ.App.2010) (citing Sumerlin v. Sumerlin, 964 So.2d 47, 50 (Ala.Civ.App.2007)). Given the totality of the evidence in the record, and reviewing both the property division and the alimony award as this court is required to do, I conclude that the *71 trial court did not abuse its discretion ui fashioning the property division and the alimony award in this case. Accordingly, I concur in the result in the main opinion’s decision to affirm the property division and the alimony award.

. The husband’s expert testified that the business was worth approximately $330,000, and the wife’s expert witness valued the business at $794,000. The difference in that calculation was attributable, in part, to the husband’s expert’s factoring in a $75,000 manager’s salary for the business; in other words, he valued the,business as if a purchaser purchased the business but hired a manager to run it, which would reduce the $174,245 in cash flow by $75,000. In this case, however, the husband manages the business, and, therefore, does not have the expense of paying a manager. The husband’s expert agreed that, in determining the valuation of the business, the fact that the husband intended to keep operating the business affected its'value, although he did not value the business with that contingency in mind.

. The husband was’also ordered to pay some of the parties’ debts and an income-tax ar-rearage for taxes not paid on'the business. Even considering those payments, however, I conclude that the property division and the alimony award are equitable, given the factors set forth in Shewbart v. Shewbart, supra.

.At the conclusion ■ of the hearing in this matter, the trial pourt noted that it was difficult to analyze some of the wife’s budget because of the special heeds of the parties’ oldest child. The trial court concluded that it could not consider the costs of child care for the special-needs child in the determination of child support because the wife was not employed outside the home. The trial court noted, however, that the wife would sometimes need assistance in caring for the special-needs child so that she could meet the ■needs of the parties’ other two children.